HENRY LEWIS

*v.*

WILLIAM J. WARD.

*Filed at Mt. Vernon June 21, 1881.*

1. TAX TITLE—*who may purchase at tax sale.* A purchase of land at a sale for taxes by one whose duty it was to pay the taxes, will operate as a payment of the taxes only, and the purchaser will not be permitted to acquire any title by such a purchase.

2. Where the land of the party making the purchase was taxed as one parcel with that of another, and the whole is sold together, no title will pass to the purchaser or his assignee. Before he can purchase he must pay the taxes on the part owned by him, and he may then acquire a title to the other part of the tract, the same as a stranger.

3. If a person owning a part of a tract of land is furnished with money to pay the taxes on the entire tract, no matter by whom he is so furnished, which he assumes to pay, but does not, he will be disqualified from becoming the purchaser of the land at a tax sale.

APPEAL from the Circuit Court of Massac county; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. J. F. McCARTNEY, for the appellant.

Messrs. LINEGAR & LANSDEN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This is an action of ejectment, and was brought by William J. Ward against E. B. Cropper, Charles Cropper and James W. House. Service was only had on two of defendants, and afterwards the suit was dismissed as to Charles Cropper. Defendants upon whom service was had failing to appear and plead, judgment was rendered against them by default, and a writ of possession awarded. Subsequently, Henry Lewis, upon filing an affidavit that he was the real party in interest, and that defendants named were his tenants, was substituted defendant instead of the original

parties, and after paying the costs of the suit to that date was awarded a new trial, under the statute. On the second trial, the court found plaintiff was the owner in fee of the lot of ground described in the declaration, and defendant was guilty of withholding the possession, and from the judgment pronounced defendant brings the case to this court on appeal.

It is conceded a *prima facie* case was made that would authorize a recovery, by proof that Beeson was in possession of the property, under claim of ownership, and of a conveyance by him to plaintiff. But that, it is insisted, was defeated by showing a better title in defendant,—that is, the title it is conceded plaintiff had, was divested by a tax title acquired under the laws of this State. The defence rests solely on the validity of the tax title under which defendant claims to be the owner in fee of the property.

It appears, from the evidence, plaintiff was the owner of the north half of lot 316, block 28, all of which seems to have been assessed to him, and upon which back taxes for the years 1872 to 1874, both years inclusive, remained unpaid. Judgment was rendered against the whole tract of land for the delinquent taxes for the years mentioned, as well as for the taxes of 1875, amounting in the aggregate to $88.40.

Before the judgment for taxes was obtained, Woodward became the owner of fifty feet off the north side of the north half of lot 316, under a sheriff's sale of the property of plaintiff, leaving twenty-five feet, the property now in controversy, remaining in plaintiff. There is some evidence tending to show that Woodward was furnished by his grantor with money with which to pay the tax on the entire property, but whether he was or not, he did not pay the taxes, and at the tax sale he purchased the whole of the north half of lot 316, which, of course, included his own as well as plaintiff's part of the lot. At the tax sale Woodward received the usual certificate of purchase, which he afterwards assigned to Joseph R. Pitts. Upon an affidavit showing a compliance with the statute being filed in the proper office, the county

clerk made Pitts a tax deed for the whole property. It
also appears Woodward conveyed to Pitts the same land sold
on execution to McMahan, and which McMahan had pre-
viously conveyed to him. After Pitts obtained his tax deed
to the whole tract sold, he conveyed that part now in con-
troversy to defendant, and it is that tax deed defendant
insists divests plaintiff of all the title he had in the property,
and vests him with the paramount title.

The law is well settled, that certain persons, on account of
their relations to the property or their obligation to pay the
taxes thereon, are forbidden by the policy of the law to
become purchasers of the lands at a tax sale. The rule
admits of no exception, that a purchase by one whose duty
it is to pay the taxes operates as payment, and nothing more.
Where it is made to appear it was the duty of the party to
pay the taxes on the lands, the disqualification at once
attaches, and a purchaser will not be permitted to derive an
advantage from that which it was his plain duty, under the
law, to do. The rule on this subject is plain, and is so just
that it commends itself to the common judgment as right.
The only difficulty lies in the application of the rule to par-
ticular cases. It has been extended to a case where the land
of the party making the purchase was taxed as one parcel
with that of another, and the whole sold together. That is
precisely the case here. The whole of the north half of lot
316 was assessed to plaintiff. Of the north half of the
lot plaintiff at the time owned twenty-five feet, and Wood-
ward owned the other fifty feet. The entire tract was sold as
it was assessed, as one parcel, and was purchased by Wood-
ward, who owned, as has been seen, two-thirds of the
property sold to himself. These facts bring the case clearly
within the inhibition of the principle stated. A case exactly
in point is *Coolley* v. *Waterman*, 16 Mich. 366. In this case,
as in that, the sale was entire and indivisible, and resulted
from the neglect of the purchaser to pay the taxes on his
own land. Had the purchaser first paid his own proportion

of the taxes assessed on his lands, his relation to the residue of the property and the taxes would then have been that of a stranger, owing no duty to the land or the tax, and the disqualification resting upon him would have been removed. That he did not do, but chose, for some reason, to purchase the whole tract of land for the entire amount of taxes due upon it, the largest portion of which it was his duty to pay. Under the circumstances, the purchase at the tax sale operated as payment of the taxes assessed against the land, and neither the purchaser nor his assignee could derive any valid title under the sale.

There is another view that may be taken of the case, that leads to the same conclusion. Evidence was introduced that tends strongly to show that Woodward was furnished with money to pay the taxes on the entire tract of land, and it may be the court below so found. Treating the finding of the court below on a question of fact as we would treat the finding of a jury, it would be the duty of this court to regard the fact as well found, there being evidence tending to establish this controverted fact in the case. Assuming that fact well found, as we are warranted in doing, if Woodward was furnished with money to pay the taxes on the entire north half of the lot, no matter who furnished it to him, he was disqualified thereafter from becoming a purchaser of the land at a tax sale. Otherwise, it would permit him to take an advantage to himself of the omission of a plain duty he had assumed to perform. This the law will not tolerate.

The judgment of the circuit court is warranted by the law and the evidence, and must be affirmed.

*Judgment affirmed.*