Brady, J.
The plaintiffs, in consideration of an assignment to them by him, agreed in Writing, on 20th August, 1883, to advance to one Barricklo, sufficient money to pay all indebtedness of any kind, arising out of his business of window-shade making, outstanding on the 1st August against him, a copy and statement of which indebtedness was annexed to the agreement and marked Schedule A. The notes in suit were set out in the schedule and they were given for business debts of Barricklo. The defendant was the endorser. The issue seems to have been in accord with the theory of the plaintiffs’ case that the notes were taken up by them for future use of some kind, and not paid. The referee found that they were paid and disposed of all the questions presented in connection with the plaintiffs’ case, in an elaborate and highly satisfactory opinion.
We see no reason to doubt its accuracy in any respect, and adopt it. It may be well, however, to add a few *407 words. The obligation assumed by the plaintiffs for the consideration named was to advance to Barricklo to pay, and to pay the notes in suit. It was not to take up in the commercial sense for the credit of the maker Barricklo, or for any other object, but to advance to enable him to pay. If the plaintiffs had followed out the precise language of the covenant, and advanced the money to Barricklo, and he had paid the notes, there can be no possible doubt that the indorser the defendant, would have been discharged. They did not do that, however, but, having been called upon by the payees for payment, sent a check to them directly and it is difficult to. conceive why they should have even taken up the notes, unless they felt bound by the existing relations created by the assignment and contract mentioned
It is to, be said, also, that, having agreed to pay, they could not, by taking up the notes, on payment of them, change their obligation by that process, or the result of their act of sending the check The contract neither in terms nor in spirit provided for a transfer, but for payment, and that was founded upon a consideration which may have been abundant for the purpose, although that is quite immaterial. It is also immaterial whether the creditors of Barricklo could have maintained an action against them, or whether to pay was optional with them, for the reason that the notes were paid, and the option, if it existed, was exercised. For these reasons, as well as those given by the learned referee, the judgment appealed from should be reversed.
Van Brunt, P. J., and Daniels, J., concur.
The opinion of the referee referred to in the above opinion was as follows, viz:
(D. T. Walden, referee.) The action is against defendant as endorser of two promissory notes made by Andrew Barricklo payable to his own order and ■endorsed by him and the defendant, and given to J. H. Lane & Co., for an indebtedness of Barricklo to them.
The principal answer is payment. To sustain this, defendant shows that ■after the notes were protested for non-payment the plaintiffs in consideration of valuable property assigned to them by Barricklo agreed as follows: *' That the said firm of D. Powers & Son will advance sufficient money to the said Barricklo to pay all indebtedness of any kind arising out of his business of window shade manufacturer, outstanding, on the first day of August against the said Andrew Barricklo. A copy and detailed statement of such indebtedness is hereto annexed.”
The first two items in the schedule are the notes in suit.
The plaintiffs sent their check to J. H. Lane &Co , and received the notes in return. One of the plaintiffs testifies " that they were solicited by Lane & ■Co., to pay the notes. He declined and put them off, and finally said” "I don’t want to pay these notes but will take the notes from you and give you their valueand then gave direction t.o send checks, and received the notes.
Defendant claims that this was a payment of the notes as respects him. Plaintiffs claim it was a purchase or an advance in such way as to keep alive the *408 obligation of the endorser, and transfer it to the plaintiffs for the repayment of the amount advanced
Barricklo was the primary debtor. It was his obligation and duty to pay the notes and as respects the defendant to discharge him from liability therein.
If Barricklo had paid the notes, therecanbenodoubtthat defendant’s liability wouldhave been discharged. Instead of personally paying those notes, the maker transfers his property to the plaintiffs and obtains from them the agreement above stated and the money to pay the notes.
The object of the agreement was undoubtedly to have the notes discharged by payment. It was an application of property to pay debts, and the agreement is to advance money to Barricklo to pay all indebtedness of any kind. The reasonable construction of this language is, that plaintiffs were to advance the money to discharge the debts, either by giving the money to the creditor or to Barricklo to enable him so to do. The word “pay” when read in reference to-a contract for payment of money, means to discharge. 3 Daniel’s Reg. Inst., § 1331.
It does not mean to purchase. (Id.) The object was to relieve Barricklo from liability which existed by reason of this indebtedness. That could only be done by payment.
If the plaintiffs had given the money to Barricklo and he had given it to the-holders of the notes and taken the notes from them, it would amount in law and fact to a payment of the notes and consequent discharge of the obligations of the maker and indorsers thereon. The payment by plaintiffs directly to the creditor has the same effect; it is made in pursuance of the agreement with the maker and for the purpose of in part performing the agreement; the object and act must be consistent with the agreement; the plaintiffs have obligated themselves to the maker to pay the notes; the check to the creditor and the delivery up of the notes is a full discharge of the obligations of the parties upon the notes; the defendant, as indorser, is discharged, because the party primarily liable has paid the money agreed to be paid, and for payment of which the defendant was surety; the plaintiffs could not discharge the obligation of the makers of the notes and hold the defendant liable as indorser.
3 Daniel’s Reg. Inst., § 1300.
Unless this operated as a payment, the arrangement between Barricklo and plaintiffs is a mere farce Instead of being a transfer of property for payment of debts it was giving plaintiffs the means of payment, and still leaving Bar ricklo obliged to pay himself. See Finch, J., Acer v. Hotchkiss, 97 N. Y., 404, 405.
The promise of the plaintiffs to pay the notes created a duty upon them to-discharge the same, and this is entirely inconsistent with a right to purchase the notes. It is well settled that one who owes a duty to discharge an obligagation cannot purchase it and thus continue it in force. Id., 396. It is an acknowledged principle of equity, and by force of it, a purchase in form becomes in fact a payment and discharge. Torrey v. Bank of Orleans, 9 Paige, 649.
Where a party as owner of real estate owes a duty to pay the taxes, he cannot by neglect of that duty and suffering a sale, become a purchaser and thus acquire rights as against his grantees: his purchase operates as payment and is-an extinguishment of the tax. Lewis v. Ward, 99 Ill., 525; Cooley v. Waterman, 16 Mich., 366; Page v. Webster, 8 id., 263; Butler v. Porter, 13 id., 292; Van Horne v. Fonda, 5 Johns. Ch., 388, per Hale, J.; Patrick v. Sherwood & Blotch, C. C. R, 113, Dubois v. Campau, 34 Mich., 360, 370; Burhens v. Van Zandt, 7 N. Y., 523.
In Lewis v. Ward (99 Ill., 527) Scott, J , says: “The rule admits of no exceptions that a purchase by one whose duty it is to pay (the taxes) operates as a payment.”
The plaintiffs’ counsel, in his brief, says- “There is no doubt that D. Powers & Sons are under obligations, under that agreement, to pay Lane & Co. the amount of those notes.” Owing this obligation and a similar duty to the-maker they can no more claim to purchase those notes than the maker could, had he paid in person.
The plaintiffs claim that if they were not purchasers, they are entitled by subrogation to all the securities the creditors had. The general principle is sound enough, but it has no application to a case where the party paying-agreed to discharge the obligation. Acer v. Hotchkiss, 97 N. Y., 396.
*409 To test the effect of the plaintiffs’ claim to subrogation in this case, and under it to enforce the defendant’s liability as endorser, let us see the relation of the parties. Barricklo, the maker, is primarily liable; the defendant, as endorser, is in the position of surety, and, if required to pay the note, can recover upon it against the maker. The agreement with plaintiffs is an obligation with the maker to pay the notes (or advance the money to pay). This is a binding contract upon sufficient consideration, and can be enforced by the maker, if he has to pay, so by possibility, may be enforced by J. H. Lane & Co. If the plaintiffs’ claim to subrogation is correct, and, by virtue of it, the defendant (endorser) lias to, and does pay the note, he is entitled to be subrogated to the securities and collaterals held by the principal debtor (Barricklo), and thus becomes entitled to enforce the agreement of plaintiffs (Seldon on Subrogation, § 191; 2 Daniels, § 1303; Cory v. Leonard, 56 N.Y., 494; Townsend v. Whitney, 75 id., 430, 431), and recover from them the amount they agreed to advance to pay the notes—in other words, recover from them that which they recover of him. The law does not tolerate circuity of action, but will endeavor to prevent them, therefore, where the circumstances of the litigating parties are such that, on changing the relative position of plaintiff and defendant, the recovery of each would be equal in amount, the law will consider one claim as extinguishing the other. It is on this principle that a covenant not to sell is considered a release. Broome’s Max., 5 Am. Ed., marg. p. 309, p. Ch. J. in Walmesley v. Cooper, 11 A. & E , 221; Jervis, C. J , 15 Com. B., 62; Turner v. Davies, 2 Saund, R. 150, n. 2.
On this principle the payment of the amount due on the note to holder, in pursuance of an agreement so to do by plaintiffs with the maker, is a payment and complete discharge of the liability of defendant as indorser.
The defendant has established his defense and is entitled to judgment.