Hiram McChesney *et al.*

*v.*

Louisa M. White *et al.*

*Filed at Ottawa January 18, 1892.*

1. Tax sale—*purchase by one whose duty it is to pay the taxes—right of trustee.* A and B owned land in this State as tenants in common. By agreement A had the use of the same during his life, and was to pay the taxes, B being a non-resident. On the death of A his widow continued to occupy the property and receive the entire rents and profits. She allowed the land to be sold for taxes and a tax deed to be made, taking a deed from the purchaser : *Held,* that A occupied the position of a trustee, and his widow could not become the purchaser of the tax title based on her neglect of duty to pay the taxes.

2. The owner of land, or an interest therein, can not, by neglecting to pay the taxes, allow it to be sold and become the purchaser, either directly or indirectly, and thus acquire a valid title to the land, for the reason it was his duty to pay the taxes. A purchase by one whose duty it was to pay the taxes will operate as a payment of the taxes, only. The same principle applies when the agent of the owner of land suffers it to be sold, and has it bid in for his own use.

Writ of Error to the Circuit Court of Kane county ; the Hon. Isaac G. Wilson, Judge, presiding.

Messrs. Munn & Wheeler, for the plaintiffs in error.

Messrs. Hopkins, Aldrich & Thatcher, for the defendants in error.

Mr. Justice Craig delivered the opinion of the Court :

This was a bill in equity, brought by Louisa M. White, and her husband, A. McLean White, against Helen P. Moore, Lucy B. Dodson, Helen M. Pulling, Howell G. Pulling, Francis McChesney, Frank Langlois, and others, to set aside a certain tax sale, and deed issued thereunder, on certain premises in Stratton's addition to Geneva, Kane county, described as blocks 10, 11 and 12.    The bill also prayed that a certain deed from

Langlois to Helen P. Moore may be held as a restoration to her and complainants of the original title to the property, and the conveyance by Mrs. Moore, and her daughter, Lucy B. Dodson, to Francis McChesney, be declared void.

The evidence in the case shows, and it is admitted by the plaintiffs in error, that Louisa M. White and Alexander B. Moore, in his lifetime, were tenants in common of the property in controversy; that he died intestate in 1878, leaving surviving him, his widow, Helen P. Moore, and two daughters, Lucy B. Dodson and Helen M. Pulling, his only heirs-at-law; that Moore had, for a number of years prior to his death, been in possession of all of the property, under an agreement with Mrs. White that he should have the use and rental of her portion in consideration of caring for and paying taxes upon the same; that Howell G. Pulling was appointed administrator of Moore's estate, and acted as such for some year or two, when he left Geneva and abandoned his trust, and that Mrs. Helen P. Moore did, after Pulling's departure, for several years receive the rental of the property in question, and did not pay the taxes upon the same. It also appears that in 1880, while Mrs. Moore was in the possession of the property, receiving the rents, the blocks were sold for the taxes of 1879, and bid off in the name of Frank Langlois. A few days before the time allowed by law for redemption had expired, Mrs. Moore sent an agent to Langlois, who held the tax certificate, and paid the amount required to redeem from the tax sale, and made an arrangement that Langlois should take out a deed when the time for redemption had expired, and then convey to Mrs. Moore, which was done. The deed to Mrs. Moore was executed August 31, 1882. On the 12th day of April, 1883, Mrs. Moore, and one of her daughters, Lucy B. Dodson, united in a quitclaim deed of conveyance of the premises to Francis McChesney.

From the foregoing statement of the facts, as they appear from the record, it will be observed that the question to be

determined is, whether Mrs. Helen P. Moore had the right to
acquire a tax title in the premises, and set up that title as
against the complainant, Louisa M. White, who was a tenant
in common with Alexander B. Moore, her husband, during his
lifetime.   Helen P. Moore, upon the death of her husband,
was entitled to dower in the undivided one-half of the prem-
ises, and the circuit court found that she, upon the death of
her husband, occupied the position of tenant in common with
Louisa M. White, the owner of the other undivided half of the
property, and as such she could not acquire title adverse to
her co-tenant.    Whether the finding of the court that Helen
P. Moore was a tenant in common is justified by the facts, is
a question, in the view we take of the record, which it will not
be necessary to determine, as the decision of the case may be
placed upon other grounds.

As has been seen, complainant and Alexander B. Moore
owned the lands as tenants in common.   Complainant resided
in the State of Pennsylvania, while Moore resided in the town
where the blocks were situated.    Moore, during his lifetime,
under an agreement made between Mrs. White and himself,
had the use of the lots, in consideration of which he agreed to
pay all the taxes.   After the death of Moore, as we understand
the evidence, Pulling, the administrator of his estate, took
charge of the lots for about one year, in the same manner, and,
as McLean testified, under the same arrangement, as did the
deceased.   Pulling then left, and Mrs. Helen P. Moore took his
place.    She received the rents, and had the sole charge and
management of the property.   Under such circumstances, could
she suffer the property to be sold for taxes, and either directly
or indirectly acquire a tax title, and set it up as against the
owner of the undivided half of the property?    We think the
answer to this question is obvious.    The owner of a tract of
land can not, by neglecting to pay the taxes, allow it to be sold
and become the purchaser, and thus acquire a valid tax title
to the land, because it was his duty to pay the taxes, and a

purchase by one whose duty it was to pay will operate as a payment, only. The same principle applies when the agent of the owner of a tract of land suffers it to be sold, and has it bid in for his own benefit. Here, Mrs. Moore succeeded H. G. Pulling, the administrator of the estate of Alexander B. Moore, deceased, in the possession and management of the property. She received all the rents, and while the evidence does not show a direct promise on her part to pay the taxes out of the moneys received for rents, the fair inference to be drawn from all the evidence is, that the same arrangement under which her husband, Alexander B. Moore, had charge of the property during his life, and his administrator after his death, continued while Mrs. Moore was in charge receiving the rents.

If we are correct in this, Mrs. Moore was bound to pay the taxes out of the money received from the rents, and it seems obvious that she could not, by disregarding her duty, allow the lands to be sold for taxes and become the purchaser. She occupied the position of a trustee, and she could not become the purchaser of the trust property. If authority is required to sustain a principle so plain, *Lewis* v. *Ward*, 99 Ill. 525, is directly in point. Nor does the fact that the land was bid off at the sale in the name of Langlois, who subsequently, under an arrangement with Mrs. Moore, agreed to accept redemption money, and deed to her, materially change the rights of the parties. She could not indirectly acquire a title where the law would not allow her to acquire it directly. As respects plaintiff in error McChesney, as the evidence tends to prove he purchased with notice of the trust relation of Mrs. Moore to the property, he occupies no better position than she occupied.

In conclusion, we think the decree fully sustained by the evidence, and it will be affirmed.

*Decree affirmed.*