*In re* APPLICATION OF COUNTY COLLECTOR OF LAKE COUNTY—(KNOLL DEVELOPMENT COMPANY, Appellee, *v.* THE JOHN ALLAN COMPANY, Appellant.)

(No. 72-82;

Second District—June 1, 1973.

Allan L. Blair, of Chicago, for appellant.

Kermit Neuman, of Coldwater, Ohio, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Knoll Development Company petitioned for an order directing the issuance of a tax deed based upon the purchase of delinquent real estate taxes at a 1968 tax sale. Notice was served on the owner on July 26, 1971, and published beginning on July 23, 1971. The John Allan Company, in whose name the property was last assessed, filed a "redemption under protest" pursuant to section 253 of the Revenue Act (Ill. Rev. Stat. 1971, ch. 120, par. 734), stating as the reason for the protest that the petitioner failed to serve notice in the form prescribed by sections 263 and 266 of the Act. (Ill. Rev. Stat. 1971, ch. 120, pars. 744, 747.) Subsequently, on the date set for hearing on the petition for tax deed, the assessee John Allan Company petitioned the court to enter an order denying the tax deed, and refunding to the John Allan Company as assessee the $602.93 which was paid in redemption under protest, because of the failure of the tax buyer to give proper notices. The court found that the notice complied with the statute in effect prior to July 1, 1971, but was defective under the statute as amended, effective July 1, 1971. However, finding that the purchaser had attempted to comply with the law as he understood it, the court ordered the redemption money paid over to the tax deed petitioner. The John Allan Company appeals from this order.

On appeal, we must determine whether the notice was in fact defective and, if so, whether the trial court exceeded its authority in nevertheless ordering the redemption money paid to the petitioner.

■■ Knoll contends that it succeeded to a vested right to serve notice under the law as it existed prior to July 1, 1971, by reason of its purchase of the certificate at the 1968 tax sale. Its reliance on *Hogan v. Bleeker* (1963), 29 Ill.2d 181, is misplaced. In *Hogan*, the court refused to give retroactive effect to a statutory amendment requiring institution of a suit to foreclose a special assessment lien within five years from the date of the sale and assignment. The amendment was passed more than five years after the sale in question, and prior to the amendment the statute allowed the bringing of a foreclosure suit "at any time". The court pointed out that the special assessment liens involved were marketable assets which plaintiffs could have sold for value and against the foreclosure of which there was no valid defense before the amendments. (page 190) However, a purchaser of delinquent taxes at a tax sale does

not, by his purchase, acquire the same kind of marketable asset. Additionally, the application of the subsequently enacted statute of limitations in *Hogan* would, by its application, completely destroy the rights of the holder of the special assessment lien. Here, the change in notice requirements does not extend to destruction of an existing cause of action nor does it create a new liability for past events. The July 1st amendment changing the form of the notice therefore does not offend the Federal Constitution. (See *Cohen v. Beneficial Industrial Loan Corp.* (1949), 337 U.S. 541, 554.) Nor is the law of Illinois violated. The amendment of section 263 merely changed the procedure to be followed before a tax deed would issue, and contained no savings clause. There is no vested right in any particular remedy or method of procedure in the absence of such a clause. See *Ogdon v. Gianakos* (1953), 415 Ill. 591, 597. See also *Nelson v. Miller* (1957), 11 Ill.2d 378, 382—3; *Orlicki v. McCarthy* (1954), 4 Ill.2d 342, 345—8, 354.

■■■ Knoll has also contended that the amendment of section 263 of the Revenue Act which was adopted on June 29, 1971, should not be applied as it was not yet in publication when the notice was sent and Knoll had no means of knowing about it. This, however, is no excuse. There is no provision in either the 1870 or 1970 Constitution that an act cannot take effect until it is published. (Ill. Const. 1870, art. IV, sec. 13; Ill. Const. 1970, art. IV, sec. 10.) In the absence of such a provision the law needs no promulgation to take effect.

Under art. IV, sec. 10 of the Illinois Constitution of 1970 which became effective on July 1, 1971, the General Assembly was charged with providing by law for a uniform effective date for laws passed prior to July 1st of the calendar year. On July 2, 1971, Ill. Rev. Stat. 1971, ch. 131, par. 21 became effective, and provided:

> "A law passed prior to July 1 of a calendar year and after June 30, 1971, shall become effective on October 1 following its becoming a law unless by its terms it specifically provides for a different effective date. *A law passed prior to July 1, 1971, shall become effective on July 1, 1971, or upon its becoming a law, whichever is later, unless such law by its terms specifically provides for a different effective date.*" (Emphasis added.)

■■ Although the fact that a law takes effect immediately or, as here, in two days, undoubtedly creates some hardship, the decision of whether this hardship should be imposed rests wholly in the discretion of the law making body. The hardship created by the almost immediate effect given to the amendment does not render it invalid as an arbitrary or unreasonable exercise of power by the legislature. (*Jacob Ruppert, Inc. v. Caffey* (1920), 251 U.S. 264, 302, 64 L.Ed. 260, 40 S.Ct.

141, 150.) Knoll's reference to *People ex rel. Ogilvie v. Lewis* (1971), 49 Ill.2d 476, is inapposite. The case did not deal with the date on which an Act becomes effective, but rather concerned itself with the power of the legislature to pass an act in anticipation of an adopted but not yet effective constitutional provision.

The trial court found that the petitioner's notice failed to comply with the requirements of the amended statute in the following ways:

1.  The notice did not provide for the number of the certificate.
2.  The notice did not carry in ten point type the following legends, "THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES," and "YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY."
3.  The notice did not contain a statement showing the location of the property in addition to the legal description.
4.  The notice did not contain the following: "This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of the property if redemption is not made on or before October 29, 1971.

\* \* \*

Redemption can be made at any time on or before October 29, 1971 by applying to the County Clerk of Lake County, Illinois, at the county courthouse in Waukegan, Illinois. For any further information contact the County Clerk."

Knoll concedes that the notice did not comply with the statute as amended, but argues that "absolute perfection is not required in tax foreclosure proceedings and the court should not permit purely technical objections to thwart statutory provisions to ensure collectibility of taxes". This argument ignores section 266 of the Act which states that: "[t]he court shall insist on strict compliance with the provisions of section 263 of this Act." (Ill. Rev. Stat. 1971, ch. 120, par. 747.) Such has been the case law for many years. (*Bailey v. Smith* (1899), 178 Ill. 72, 74; *Clark v. Zaleski* (1912), 253 Ill. 63, 74; *People v. Banks* (1916), 272 Ill. 502, 506.) Nor are the defects cured because the clerk sent a notice to the owner which provided most of the matter found lacking in Knoll's notice but in somewhat different language. Section 263 contains no provision pertaining to a notice to be given by the county clerk, but only to that required of the tax sale purchaser.

In our view, the trial court correctly found that the tax deed proceedings were defective. However, we do not agree that the statute authorized the trial court to then order the payment of the redemption

money to the tax deed petitioner on the ground that he attempted to comply with the notice provision as he understood it. Section 253 of the Revenue Act (Ill. Rev. Stat. 1971, ch. 120, par. 734) provides:

"When the party redeeming appears and presents his defense, the court shall hear and determine the matter. Upon a finding that there has been compliance with all of the provisions of this Act and that the petitioner would be entitled to a deed in the absence of the redemption under protest, the court shall order the protest stricken and direct the county clerk to distribute the redemption money upon surrender of the certificate of sale. *Upon a finding sustaining the protest in whole or in part, the court may declare the sale to be a sale in error under either Section 260 or Section 266, and shall direct the county clerk to return all or a part of the redemption money or deposit to the party redeeming.*" (Emphasis added.)

Under the statute the redemption money can be ordered paid to the purchaser only if he would have been entitled to a tax deed in the absence of the redemption under protest. If such is not the case, as here, the redemption money must be returned to the party redeeming. The court can then determine whether a seal in error should be declared, but it does not have the authority to award the redemption money to the purchaser if the grounds of the protest have been sustained.

It might appear that section 270 of the Revenue Act (Ill. Rev. Stat. 1971, ch. 120, par. 751) authorizes the court to require reimbursement from the owner in the situation before us. It provides in part that any judgment or decree of the court setting aside any tax deed, or restoring the owner to possession, shall provide that the claimant shall pay to the party holding the tax deed all taxes and other fees paid in regard to the land. This section has been held equally applicable to the setting aside of tax sale certificates. (*Tubbs v. Dunlop* (1945), 325 Ill.App. 53, 61; *Chicago Land Clearance Com. v. Narodski* (1965), 57 Ill.App.2d 302, 307. See also *La Salle Nat. Bk. v. Hoffman* (1971), 1 Ill.App.3d 470, 474.) However, none of these cases were concerned with a redemption under the statute. A redemption under protest, in which a defense against a defective tax deed proceeding is presented, is a procedure not contemplated by earlier cases and not authorized by statute until 1970. Section 253 (Ill. Rev. Stat. 1971, ch. 120, par. 734), in providing for such a procedure, sets out the circumstances under which a purchaser is entitled to be reimbursed by a redeeming owner. To apply section 270 to the proceeding before us would render the language of section 253, authorizing the court to declare a sale in error under section 266, without meaning. We cannot give it such an application.

18

Knoll asks us to uphold the lower court's decision on the basis that equity demands that it be reimbursed by the owner. We do not have this authority in contravention of the language of the statute. (See *Gabel v. City of Chicago* (1967), 37 Ill.2d 532, 535-6.) However, as previously stated, section 253 (Ill. Rev. Stat. 1971, ch. 120, par. 734) provides that if the protest is sustained, a sale in error may be declared under section 266. Section 266 allows the court to order the return of the purchase price by the county clerk if it finds that a tax deed will not issue due to the failure of the purchaser to fulfill any of several provisions, one of which is the giving of proper notices, but further finds that the purchaser made a bona fide attempt to comply with the statutory requirements. It appears that the trial court found Knoll to have made a bona fide attempt to comply with the requirements for the issuance of a tax deed. We agree with this determination. We, therefore, feel that the declaration of a sale in error is in order. *People ex rel. Kucharski v. Loop Mortgage Co.* (1969), 43 Ill.2d 150.

The judgment of the trial court denying the redemption under protest and awarding the tax deed petitioner the redemption money deposited by the owner is reversed and the cause is remanded for the purpose of declaring a sale in error under section 266 of the Revenue Act.

Reversed and remanded, with directions.

GUILD, P. J., and T. MORAN, J., concur.