In re APPLICATION OF COUNTY COLLECTOR.—(BEN F. MINER, Petitioner-Appellee, *v.* ELMWOOD PROPERTIES, INC., Respondent-Appellant.)

Second District (1st Division)   No. 75-195

Opinion filed July 1, 1976.

Allan L. Blair, of Chicago, for appellant.

No appearance for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:
Elmwood Properties, Inc., the owner of certain real estate in Lake County, appeals from an order of the circuit court which struck its redemption under protest, but allowed the owner to redeem the property

pursuant to section 253 of the Revenue Act (Ill. Rev. Stat. 1973, ch. 120, par. 734). The sole issue on review is whether or not the owner's redemption under protest was properly struck by the trial court thereby requiring the owner to pay the penalties and taxes in redeeming the property.

On November 22, 1972, Ben F. Miner, the tax buyer, bought the property in question at a tax sale of property with delinquent taxes, pursuant to section 238 of the Revenue Act (Ill. Rev. Stat. 1971, ch. 120, par. 719) and a certificate of purchase was issued. On August 7, 1974, the tax buyer filed a petition for an order directing the issuance of a tax deed on November 25, 1974, pursuant to section 266 of the Revenue Act (Ill. Rev. Stat. 1973, ch. 120, par. 747). On November 18, 1974, the owner filed a redemption under protest pursuant to section 253 of the Revenue Act. On November 25, 1974, at the hearing on the tax buyer's petition, the owner appeared and requested a hearing on his redemption under protest. The basis of the protest was that the notice which had been given to the owner had not complied with the notice requirements of section 263 and 266 of the Revenue Act (Ill. Rev. Stat. 1973, ch. 120, pars. 744 and 747), in that it omitted the following language: "If this property has four or less dwelling units and you own or live in it as your principal residence, you may obtain 30 days additional time to redeem your property, at additional cost, by appearing in court at such hearing . . .(insert date). . .in the County Courthouse in. . . . . ., Illinois." and, therefore, the tax deed proceedings were defective. The property in question is vacant. On February 14, 1974, the court entered a memorandum opinion, finding that the tax buyer had strictly complied with the notice requirements of the statute and that the notice was not defective. The court then entered an order striking the owner's protest and allowing the tax buyer to receive the redemption money deposited by the owner upon the surrender of the certificate of purchase to the county clerk. The effect of these orders was to allow the redemption of the property by the owner but requiring him to pay the penalties which he would not have had to pay if the protest had been allowed.

On appeal the owner contends that the notice given to him was not in accordance with the mandatory form required by sections 263 and 266 of the Revenue Act in that the notice was fatally defective as it did not include the paragraph cited above. The notice that was given was in compliance with the provision of sections 263 and 266 of the Revenue Act, as amended, with the exception of the omitted language quoted above.

It is axiomatic that statutes are to be construed as a whole. As the Supreme Court stated in *People ex rel. Oak Supply & Furniture v. Department of Revenue* (1976), 62 Ill. 2d 210, 214-15, 342 N.E.2d 53, 56:

"Legislative intent is not to be ascertained by a myopic

concentration upon a single word or single section, and, as we said in *Illinois Crime Investigating Committee v. Buccieri* (1967), 36 Ill. 2d 556, 561 '* * * it will be presumed the legislature did not intend absurdity, inconvenience or injustice.' "

■■■ Looking then to the entire statute, we think that the General Assembly could not have intended that the language omitted in the notice given to the owner in this case must be given in all instances. Section 253 of the Revenue Act states:

> "On all real property sold under the provisions of this Act * * * if such real property is improved with a structure consisting of at least one and not more than 4 dwelling units and one or more of said dwelling units is occupied by the owner or owners thereof as his principal place of residence at the date of the expiration of the period of redemption, upon written or oral application made at the first court hearing held pursuant to section 266 of this Act, the court shall grant such owner the right to redeem within 30 days after the date of such court hearing by payment of such amounts as are required by this Act for making redemptions during the period of redemption or any extended period of redemption * * *."

Reading this section in conjunction with the notice requirement of section 263 of the Revenue Act, we hold that section 263 must be construed to require that the missing portion of the notice in this case must be given on all tax sales occurring after the amendatory Act of 1971, if the property involved has four or less dwelling units, one of which owner uses as his principal residence on the date of the expiration of the period of redemption. In the instant case the property was not in that category and, therefore, the inclusion of that notice would have been mere surplusage. Since neither the 1970 Illinois Constitution nor the statute so construed requires that the omitted language be included within the notice, the trial court's findings that the tax buyer had strictly complied with the notice requirements and that the notice was not defective were correct.

In light of our construction of the notice requirements of sections 263 and 266 of the Revenue Act, we note that the case of *In re Application of County Collector* (1973), 12 Ill. App. 3d 12, 297 N.E.2d 213, relied on by the owner, is in accord with this opinion. In that case this court held that notice given pursuant to sections 263 and 266 of the Revenue Act was defective which omitted the following language:

> "1. The notice did not provide for the number of the certificate.
> 2. The notice did not carry in ten point type the following legends, 'THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES,' and 'YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY.' "

3. The notice did not contain a statement showing the location of the property in addition to the legal description.

4. The notice did not contain the following: 'This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of the property if redemption is not made on or before October 29, 1971.

* * *

Redemption can be made at any time on or before October 29, 1971 by applying to the County Clerk of Lake County, Illinois, at the county courthouse in Waukegan, Illinois. For any further information contact the County Clerk,'" (12 Ill. App. 3d 12, 16, 297 N.E.2d 213, 216-17.)

In the above case the notice was defective in that it omitted or contained in improper form several unconditional statutory requirements; here, however, the notice was allegedly defective solely in that it omitted a requirement which, as we have held, is a conditional requirement, not applicable to the instant case, which would have been mere surplusage. We based our opinion on the requirement in section 266 of the Revenue Act that "[t]he court shall insist on strict compliance with the provisions of Section 263 of this Act." In this case, under the construction given the sections 263 and 266 of the Revenue Act, we find that the taxbuyer's notice herein was in strict compliance with the pertinent provisions of section 263 of the Revenue Act.

The judgment of the circuit court is affirmed.

Affirmed.

SEIDENFELD and HALLETT, JJ., concur.