*In re* APPLICATION OF BOONE COUNTY COLLECTOR (Candlewick Lake Association, Inc., Petitioner-Appellant, v. Continental Illinois National Bank, Respondent-Appellee).

Second District   Nos. 84—362, 84—363 cons.

Opinion filed April 2, 1985.

Edwin D. Muderlak, of Rockford, for appellant.

C. Ronald Cook, of Sandwich, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

This matter was instituted by petitioner, Candlewick Lake Association, Inc. (Candlewick), when it filed 29 petitions for tax deed for the tax year 1980 pursuant to section 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 747). Twelve of these petitions are not before this court. Appeal No. 84—362 involves 12 of the remaining petitions, with the record on appeal limited to case No. 81—TX—3(2), which the trial court found to be substantially identical to the 11 other cases. Appeal No. 84—363 involves the five remaining petitions, with the record on appeal limited to case No. 81—TX—3(11), which the trial court found to be substantially identical to the four other cases. Both appeals present the question of whether a lienholder, because of its interest in the property, is precluded from obtaining a tax deed to the property. The circuit court of Boone County held in the affirmative, and we affirm.

Candlewick is a homeowner's association formed pursuant to the covenants, conditions and restrictions of Candlewick Lake Subdivision (CCR's) recorded in Boone County. Each lot owner is a member by virtue of lot ownership. The CCR's require that each lot owner pay dues for the support of Candlewick, which owns and manages the common areas and enforces the CCR's. Candlewick is authorized by the CCR's to record an assessment lien with the Boone County recorder of deeds against any lot for which dues are in default.

On November 30, 1981, the Boone County clerk held a tax sale as

provided for by section 235a of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 716a). Candlewick purchased tax certificate No. 1—222, involved in case No. 81—TX—3(2), for $134.65 and tax certificate No. 1—259, involved in case No. 81—TX—3(11), for $238.16. On September 7, 1983, Candlewick filed its petitions for tax deed as the holder of the tax purchase certificates on the two lots. No redemption took place in case No. 81—TX—3(2) (appeal No. 84—362), while in case No. 81—TX—3(11) (appeal No. 84—363), Continental Illinois National Bank (Continental), which held a mortgage on the property, redeemed under protest pursuant to section 253 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 734). The trial court denied both petitions for tax deed because Candlewick was a lien holder of record on the date of the tax sale. Additionally, in case No. 81—TX—3(11) (appeal No. 84—363), the trial court upheld Continental's redemption under protest and ordered its redemption money refunded, while holding that Candlewick's tax purchases were actually tax payments. Candlewick appeals both the denial of its 17 tax petitions and the trial court's treatment of its tax purchase as a tax payment.

■ Several Illinois cases have held that an owner or mortgagee, because of its interest in the property and its obligation to pay the taxes on it, may not purchase the property at a tax sale and thereby cut off the interest in the property of the other party. (*Lewis v. Ward* (1881), 99 Ill. 525; *Oswald v. Wolf* (1889), 129 Ill. 200; *McChesney v. White* (1892), 140 Ill. 330; *Stinson v. Connecticut Mutual Life Insurance Co.* (1898), 174 Ill. 125; *Ragor v. Lomax* (1887), 22 Ill. App. 628.) While no Illinois case has yet decided whether a lienor is precluded from purchasing at a tax sale, thereby cutting off the interests in the property of a fellow lienor or mortgagee, the great weight of authority in the United States is that it may not do so. Annot., 140 A.L.R. 294, 319-31 (1942).

The rationale for this rule is that equity regards the land as a common fund for the payment of all liens and mortgages, and it would be inequitable and a fraud for one lienor to acquire title to the land by a tax sale and use it to destroy the claim of another lienor or mortgagee. The lienor is authorized to redeem from the tax sale, and equity will not allow him to acquire the title for an inconsiderable sum when he was authorized to remove the trifling incumbrance by redemption. Equity will relieve against such oppression and teach the grasping creditor moderation in his demands, and that he cannot destroy others to build up his own fortunes. *Koch v. Kiron State Bank* (1941), 230 Iowa 206, 297 N.W. 450.

Support for this rule is found in several Illinois cases. Specifically, in *Ragor v. Lomax* (1887), 22 Ill. App. 628, where the court held that a mortgagee could not purchase at a tax sale and thereby cut off the mortgagor's interest in the property, the court stated:

"But while it may not be the duty of the mortgagee to pay the taxes it is clearly his right to do so, for he has a manifest interest in the protection of his mortgage title. *In the land both the mortgagor and the mortgagee have an interest. It is a fund, the protection of which is for the benefit of both,* but the lien of the State for taxes is superior to the right of each, and if one or the other does not discharge it, the land will be sold and the interest will be extinguished." (Emphasis added.) 22 Ill. App. 628, 632.

Our supreme court then addressed the mortgagee-mortgagor situation in *Stinson v. Connecticut Mutual Life Insurance Co.* (1898), 174 Ill. 125, where it stated:

"In *Woodbury v. Swan,* 59 N.H. 22, in the discussion of the question, the court said: 'Mortgagor and mortgagee have a unity of legal interest in the protection of their title against a sale for non-payment of taxes, and against outstanding tax titles, and it is not equitable that either of them should act adversely to the other in the acquisition and use of such titles. \*\*\*' In *Ragor v. Lomax,* 22 Ill. App. 628, the question is thoroughly discussed and the authorities cited, and the conclusion reached that a mortgagee cannot, whether in or out of possession of the mortgaged premises, acquire a tax title and set it up against the mortgagor." 174 Ill. 125, 129-30.

Lastly, in *Vulcan Materials Co. v. Bee Construction Co.* (1981), 101 Ill. App. 3d 30, *rev'd on other grounds* (1983), 96 Ill. 2d 159, the Appellate Court for the First District held that a mortgagee could not purchase title at the tax sale and cut off the interest of the other lienors, stating:

"Though Illinois courts have not specifically ruled that a mortgagee, whose interest in property arose before a tax sale, is prohibited from becoming a tax purchaser for the purpose of eliminating other liens on the property, other jurisdictions have specifically ruled that mortgagees are prohibited from doing so. [Citations.] The reasoning underlying these decisions is, we believe, applicable here. The mortgagee has a right to redeem the property from a tax sale. In equity, the mortgagee should not be allowed to waive this right and instead become a tax purchaser, and cause injury to the other lienholders, for the mini-

mal cost it would have taken to redeem the property from the tax sale. *The property is a common fund in which all the parties have an interest. One should not be allowed to use the law of tax sales to destroy this fund to benefit oneself to the prejudice of all others. It is manifestly unfair to allow a mortgagee to use the law of tax sales for the specific purpose of working an injustice.* [Citation.] The law of tax sales is designed to give strangers to the property a speedy method of acquiring merchantable title to the property so the property can get back into the stream of commerce so that future taxes can be collected. [Citation.] It is not designed to be a method by which a party with a pretax sale interest in the property can forego the payment of the taxes, allow the property to be sold for taxes, and then acquire it for a minimal cost so that party can raise its previous interest above all other previous interests." (Emphasis added.) *Vulcan Materials Co. v. Bee Construction Co.* (1981), 101 Ill. App. 3d 30, 38.

We hold, therefore, that a lienor may not obtain a tax deed and thereby cut off the interest of other lienors or mortgagees. This rule has been adopted by a majority of the States that have addressed the issue and it is consistent with the prior Illinois cases dealing with the related situation involving a mortgagee-mortgagor.

■ The petitioner argues that this rule is contrary to sections 235a and 27a of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, pars. 716a, 508a), which prohibit only the owner of the property from purchasing at a tax sale. We believe that the petitioner misinterprets the Revenue Act.

Section 235a states in part:

"No certificate of purchase shall be issued to any person who has not executed and delivered an affidavit to the County Clerk that such person has not bid upon any lot or tract of land at such sale who is the party or the agent of the party who is responsible for the payment of the delinquent taxes."

Section 27a states in part:

"The owner of real property on January 1 in any year shall be liable for the taxes of that year."

These sections do not, as the petitioner argues, show a clear legislative intent that only the owner of the property be precluded from purchasing at a tax sale. Under section 27a, the owner of the property on January 1 is personally liable for that year's taxes (*Griffin v. Gould* (1979), 72 Ill. App. 3d 747, 748), and thus the owner is clearly one party "responsible for the payment of the delinquent taxes" (Ill. Rev.

Stat. 1983, ch. 120, par. 716a). The petitioner reads the statute too narrowly, however, when it assumes that the owner is the only party "responsible for the payment of the delinquent taxes" (Ill. Rev. Stat. 1983, ch. 120, par. 716a).

Had the legislature intended to exclude only owners as potential tax deed purchasers, it could have simply said so. The legislature, however, did not use the term "owner"; instead, it used the phrase "party *** responsible for the payment of the delinquent taxes." (Ill. Rev. Stat. 1983, ch. 120, par. 716a). In *Cone v. Wood* (1899), 108 Iowa 260, 79 N.W. 86, the court stated:

> "Sometimes the word 'obligation' is used to denote an agreement or undertaking to pay taxes; at others, it is used in the sense of an obligation to do so to protect an interest or title, as, in one sense, the owner of land is not under obligation to pay the taxes thereon, for he may forfeit it, and yet in another sense he is under such an obligation in order to preserve his title. The same is to be said of a mortgagee whose interest requires such a payment for its protection. He must forfeit his lien or pay the taxes." 108 Iowa 260, 266, 79 N.W. 86, 87-88.

This idea has also been expressed by the courts of this State. In *Ragor*, the court stated:

> "Judge Cooley, in his work on Taxation, 347, says: 'It can not be said in such case that either mortgagor or mortgagee is under no obligations to the government to pay the tax. On the contrary, the tax being one that purposely is made to override the lien of the one as well as the title of the other, it might well, as it seems to us, be held that neither mortgagor nor mortgagee was at liberty to neglect the payment, ***." (*Ragor v. Lomax* (1887), 22 Ill. App. 628, 632-33.)

Again, in *Stinson*, our supreme court stated:

> "It was primarily the duty of the mortgagor to pay the taxes on the mortgaged property, but when he failed to so do and the property was sold for the taxes, the duty then devolved upon the mortgagee to relieve the property from the burden, and, under the provision of the mortgage, charge the amount, with interest, to the mortgage indebtedness." *Stinson v. Connecticut Mutual Life Insurance Co.* (1898), 174 Ill. 125, 130.

Thus, it cannot be said that the owner is the only party "responsible" for the delinquent taxes. Since the State's tax lien overrides other liens and mortgages on the property, and since the lienor or mortgagee is given the right to pay or redeem the taxes, a lienor or mortgagee is also "responsible" for the payment of the delinquent

taxes if it wishes to protect its interest in the property. This is, in essence, the same reason the owner pays the taxes.

This interpretation of section 235a is further supported by the presumption that the legislature did not intend to enact a statute with unjust consequences. (*People ex rel. Cason v. Ring* (1968), 41 Ill. 2d 305, 312-13; *People ex rel. Community High School District No. 231 v. Hupe* (1954), 2 Ill. 2d 434, 448.) To interpret section 235a as prohibiting only the owner from purchasing at a tax sale would allow a lienor or mortgagee to commit what the great majority of States, including Illinois under *Stinson*, consider to be a fraud upon the mortgagor, mortgagee or other lienor.

▪ The trial court was also correct in returning Continental's redemption money in case No. 81—TX—3(11) (appeal No. 84—363). Section 253 of the Illinois Revenue Code (Ill. Rev. Stat. 1983, ch. 120, par. 734) states in part:

> "Upon a finding sustaining the protest in whole or in part, the court may declare the sale to be a sale in error under Section 260 or Section 266, and shall direct the county clerk to return all or a part of the redemption money or deposit to the party redeeming."

In interpreting section 253, this court in *In re Application of County Collector* (1973), 12 Ill. App. 3d 12, stated:

> "Under the statute the redemption money can be ordered paid to the purchaser only if he would have been entitled to a tax deed in the absence of the redemption under protest. If such is not the case, as here, the redemption money must be returned to the party redeeming. The court can then determine whether a seal [*sic*] in error should be declared, but it does not have the authority to award the redemption money to the purchaser if the grounds of the protest have been sustained." (12 Ill. App. 3d 12, 17.)

Therefore, having correctly sustained Continental's protest, the trial court was also correct in returning the redemption money to Continental.

▪ The petitioner argues in the alternative that if it was precluded from obtaining a tax deed, then the trial court erred in failing to grant it a refund of its tax purchase money. The petitioner makes much of the fact that the trial court found that it had made a good-faith effort to follow the statutory procedures. While section 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 747) allows the court to grant a tax purchaser a refund if the purchaser fails to meet, after a good-faith attempt, any of that section's petition and

notice requirements, the petitioner was not denied the tax deed because it failed to meet any of those requirements. The petitioner was denied a tax deed because its interest in the property precluded it from being a purchaser at a tax sale. The law in Illinois is well settled that when a person who is otherwise precluded from purchasing at a tax sale due to his interest in the property attempts to purchase it, that purchase will be treated as a payment of the taxes. *Lewis v. Ward* (1881), 99 Ill. 525; *Oswald v. Wolf* (1889), 129 Ill. 200; *Stinson v. Connecticut Mutual Life Insurance Co.* (1898), 174 Ill. 125; *Ragor v. Lomax* (1887), 22 Ill. App. 628.

For the reasons set forth above, the judgment of the circuit court of Boone County is affirmed.

Affirmed.

UNVERZAGT and LINDBERG, JJ., concur.