(No. 22146.—

G. J. LAWTON, Appellant, vs. ROBERT M. SWEITZER, County Clerk, Appellee.

*Opinion filed December 22, 1933—Rehearing denied Feb. 9, 1934.*

C. SIDNEY VANDUZER, for appellant.

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, LOUIS H. GEIMAN, ROBERT S. CUSHMAN, and JACOB SHAMBERG, of counsel,) for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The appellant (hereinafter called the petitioner) filed his petition for a writ of *mandamus* against Robert M. Sweitzer, county clerk of Cook county, the appellee herein, (hereinafter called the defendant,) in the circuit court of Cook county, for the purpose of compelling the defendant to issue to the petitioner a tax deed for a certain parcel of land described in the petition. An answer was filed to the petition, the cause was heard and a judgment was entered in favor of the defendant. From that judgment this appeal is prosecuted.

The petitioner claims the right to a tax deed to the premises under sections 216, 217, 218 and 219 of the Revenue act of 1872, while the defendant bases his refusal to issue such tax deed on the provisions of section 211 of the act. Smith's Stat. 1933, chap. 120, secs. 216-219, pars.

202-205, pp. 2391, 2392, and sec. 211, par. 197, p. 2391; Cahill's Stat. 1933, chap. 120, secs. 216-219, pars. 232-235, p. 2341, and sec. 211, par. 227, p. 2340.

The following facts were uncontroverted in the record: On September 16, 1930, the petitioner, by his agent, purchased at a tax sale in Cook county, pursuant to a judgment entered on September 13, 1930, the premises involved in this litigation, for the general taxes for the year 1928. A certificate of sale was issued to the agent and thereupon duly assigned and delivered to the petitioner. Thereafter judgments were entered and sales commenced as follows: Sale for 1930 special assessments; judgment entered December 18, 1930; sale commenced December 22, 1930. Sale for 1929 general taxes; judgment entered July 24, 1931; sale commenced July 27, 1931. Sale for 1931 special assessments; judgment entered September 24, 1931; sale commenced September 28, 1931. Sale for 1930 general taxes; judgment entered July 23, 1932; sale commenced July 25, 1932. Sale for 1932 special assessments; judgment entered October 20, 1932; sale commenced October 29, 1932. It is uncontradicted that the last day on which sales were made pursuant to judgments for delinquent taxes and assessments were as follows: 1930 special assessments, December 5, 1931; 1929 general taxes, November 3, 1931; 1931 special assessments, July 11, 1932; 1930 general taxes, March 31, 1933.

It is the contention of the defendant that the sales are still open, while the petitioner takes the position that the last day of the second annual sale for taxes has passed and that the sales are closed. It is claimed by the defendant and conceded by the petitioner that the premises involved in this appeal are subject to the general taxes for the years 1929 and 1930 and special assessments for the years 1930 and 1931; that said taxes and special assessments have not been paid and that objections were filed by the petitioner to judgment and order of sale for the taxes of 1929

and 1930, which objections are still pending and not disposed of; that temporary injunctions were issued in certain causes pending in the circuit court of Cook county restraining the sale of the premises and lands in controversy, with other lands, for the non-payment of special assessments for the years 1930 and 1931; that the petitioner herein was an intervening petitioner in the cause in which the injunctions were obtained; that the injunctions have not as yet been dissolved; that in consequence of the objections and injunctions, the premises, the subject matter of this suit, have not been sold or forfeited for the non-payment of general taxes for the years 1929 and 1930 or special assessments for the years 1930 and 1931, and that the premises have not been withdrawn from collection in default of bidders.

The case involves the construction of section 211 above mentioned, which section is as follows:

"Sec. 211. If any purchaser of real estate sold for taxes or special assessments shall suffer the same to be forfeited to the State, or again sold for taxes or special assessments, or if the same shall be withdrawn from collection at a subsequent tax sale in default of bidders, before the expiration of the last day of the second annual sale thereafter, such purchaser shall not be entitled to a deed for such real property until the expiration of a like term from the date of the second sale, forfeiture or withdrawal, during which time the land shall be subject to redemption upon the terms and conditions prescribed in this act; but the person redeeming shall only be required to pay for the use of such first purchaser the amount paid by him. The second purchaser, if any, shall be entitled to the redemption money, as provided for in the preceding section; provided, however, it shall not be necessary for any municipal corporation which shall bid in its own delinquent special assessments, at any sale, in default of other bidders, to protect

the property from subsequent forfeitures, sales or withdrawals, as above required in this section."

In construing a statute, not the mere section under consideration is to be examined nor any particular portions, words, phrases or sentences in the section before the court, but other sections, a part of the same legislative act, may be and should be considered which tend to disclose the legislative intent and the purpose to be attained by the enactment of the law. (*People* v. *Giles,* 268 Ill. 406.) Generally speaking, legislative enactments have for their prime purpose either the remedying of some evil or the granting of some power and assistance for the protection, security or enforcement of private or public rights or the furtherance of definite governmental agencies in the discharge of their governmental functions. In interpreting a statute the court must consider the legislative intent and purpose as expressed in the act and then determine whether such intent and purpose have been sufficiently manifested by the statute, always keeping in mind the circumstances under which the act was passed and the purpose to be accomplished.

It is urged by the defendant that the Revenue act is a penal statute, which should be strictly construed, and that courts are not allowed to enlarge its provisions by construction. It is true that section 211 should be strictly construed so far as it pertains to conveying the title by the county clerk to the purchaser at the tax sale. (*Wisner* v. *Chamberlin,* 117 Ill. 568.) However, "construing a statute strictly means, under the authorities, simply that it should be confined to such subjects or applications as are obviously within its terms and purposes." (2 Lewis' Sutherland on Stat. Const. (2d ed.) secs. 518, 519.) "In recent years the rule of strict construction has lost much of its force, as it has become more and more generally recognized that the paramount duty of the judicial interpreter is to put upon the language of the legislature, honestly and faithfully, its plain and rational meaning and to

promote its object." (Endlich on Interpretation of Statutes, sec. 329; *Warner* v. *King,* 267 Ill. 82.) The section of the statute under consideration is to be construed in the light of these principles laid down as a guide for the interpretation and construction of statutes.

Paragraph 411 of the Revenue act, (Smith's Stat. 1933, chap. 120, p. 2445; Cahill's Stat. 1933, chap. 120, par. 376, p. 2376;) providing for the redemption by the original owners after the issuance of a tax deed where the purchaser at the tax sale is not in the possession of the premises or the premises are not occupied by such purchaser or grantee in the tax deed, contains the following statement referring to the grantee in the tax deed for the premises: "shall suffer the same to be forfeited to the State or again sold for taxes or special assessments." There is no doubt that this section provides that such grantee must pay the taxes and assessments against such premises. The petitioner practically concedes that fact in his argument of the case. The law is that where the same word is used in different sections of the same legislative act the presumption is that it is employed with the same definite meaning unless there is something in the act to show clearly that a different meaning was intended. *Board of Education* v. *Morgan,* 316 Ill. 143.

The petitioner earnestly argues that section 211 does not require him to pay the taxes during the two-year period—that it is only his duty to "protect" the property against sale or forfeiture. He cites and relies upon, in support of his position, *Gage* v. *Parker,* 103 Ill. 528. It is true that in the opinion in that case the court uses the word "protect," but there is nothing in the opinion from which it can reasonably be inferred that the court intended by anything said in the opinion to decide that the buyer at the tax sale was relieved of his obligation to pay the taxes and assessments becoming due against the property during the running of the two-year redemption period. The

court used the word "protect" in the sense of relieving the property from further sales or forfeitures by the payment on the part of the purchaser at the tax sale of the taxes accruing on the property.

The petitioner also cites in his brief, and argues as decisions of this court sustaining his construction of this section, *Ely* v. *Brown,* 183 Ill. 575, and *People* v. *Banks,* 294 id. 464. In our opinion neither of these cases justifies the petitioner's claim. In the *Ely case* there was a sale on October 1, 1880, of the property for delinquent taxes for the year 1879. There was a re-sale on September 1, 1882, for the delinquent and unpaid tax for the year 1881. The decision of the court in that case was that the first tax purchaser was not entitled to a deed, the premises having been sold before the expiration of two years from the sale made on October 1. In the *Banks case* there was a sale of the premises on August 31, 1909, for the delinquent tax for the year 1908. In 1910 there was a forfeiture to the State for the delinquent taxes for the year 1909. There was another sale made of the premises on January 18, 1912, for the taxes of 1911. The purchaser at the first tax sale contended that he was entitled either to his deed or to have his money back. The court held that within the meaning of section 211 the time to redeem from the sale of August 31, 1909, was extended two years from the date of the forfeiture of the land to the State in 1910, and not two years from the sale on January 18, 1912. It was further held in that case that the sale of 1912 did not take place within two years before the expiration of the last day of the second annual sale for taxes after the first sale. The first purchaser did not give notice, as required by section 216 of the Revenue act for the redemption of the property under the sale of 1912, within two years from the forfeiture to the State, and it was decided that he was not entitled to a deed nor was he entitled to have his money re-paid to him.

The Revenue act has for its object the raising of revenue for governmental purposes. Where the tax is not voluntarily paid by the tax-payer a method is provided by which his real estate may be sold for the purpose of collecting the tax. As an inducement to buyers at tax sales, certain rates of interest, denominated as "penalties," are allowed by the statute to the purchaser at such tax sale. It is not contemplated by the act that any of the property will sell for its true or market value, but provision is made by the statute by which the State, through its duly authorized officer, in the absence of redemption from such sale, after the expiration of two years from the date of the sale and the compliance by the purchaser on his part with the requirements made by the legislative act, will transfer the title to the premises to such purchaser. The consideration for such transfer is, however, that the State during the running of the two-year period will receive the annual taxes levied against such property.

In construing section 211 the interest of the land owner at the time of the sale of the property for delinquent taxes or special assessments is to be protected. (*Klokke* v. *Stanley,* 109 Ill. 192.) A liberal interpretation must be given the statute providing for the redemption by the original owner from such tax sales. *Bowers* v. *Glos,* 346 Ill. 623.

For the protection of the property owners the statute exacts certain requirements, which are conditions precedent on the part of the tax buyer and must be conformed with before he can obtain a valid title to the property purchased by him. (*Wisner* v. *Chamberlin, supra; Boals* v. *Bachmann,* 201 Ill. 340; *McLaughlin* v. *Thompson,* 55 id. 249.) In buying the property at a tax sale the purchaser buys with full knowledge of the statutory conditions and of the hazards assumed by him. Taxes, when levied, are presumed to be valid, and the party contesting the payment of such tax has the burden of showing such invalidity. (*People* v. *Hines,* 293 Ill. 419.) No showing has been

made, or even attempted, by the petitioner in this proceeding that the taxes, or any part thereof, to which he has filed objections for the sale of the premises in question are not authorized. No proof is made that the special assessments are void or invalid, the collection of which assessments are enjoined and in which injunction proceeding the petitioner has been an active participant on the complainant's side. It can scarcely be claimed by the petitioner that no part of the taxes levied by the several taxing bodies against the property is valid. If any part of such annual taxes accruing after the sale is valid, the premises will, if any part of the valid tax is not paid, eventually be sold or forfeited to the State. It does not necessarily follow that because no sale or forfeiture has been made for the annual taxes accruing within the two-year period that the premises cannot be later offered for sale and either sold or forfeited. To construe this section to mean that the premises must annually be offered for sale for the annual taxes accruing against the property within the two-year period, where such offer for sale is prevented by pending legal proceedings, would do violence to the spirit of the statute. In the case at bar the petitioner, by filing the objections to the payment of the tax and joining in the injunction proceedings against the payment of the assessments on the property, has vigorously assisted by his own overt acts in bringing about the condition by reason of which the property has not been sold or forfeited to the State. The petitioner will not be permitted to profit through his own efforts, by means of which the arm of the State is temporarily stayed from collecting taxes and assessments legally due, so far as is disclosed.

The test of section 211 is, Has the petitioner suffered the premises to be sold or forfeited to the State before the expiration of the second annual sale thereafter? The term "second annual sale thereafter," as used in this section, means the sale for the second annual taxes due and

unpaid next after the purchase by the buyer of the premises. It does not mean that such sale or forfeiture must actually be had within two years of the date of the sale at which the buyer bought the premises. Time in this connection is not the essence of the section. The essence is the payment by the tax-payer of the annual taxes for the two years immediately following the original sale of the property. If by some unforeseen litigation the officer having in charge the making of such sales is restrained or prevented, either by injunction or the non-disposal of tax objections filed against the application for judgment of sale, from making such sale beyond the two-year period, such time that the making of the sale or forfeiture is so delayed is not to be computed, but such sale may be made or forfeiture had after the disposition of such litigation even though the date of the final decision in such litigation be more than two years after the date of the sale at which the buyer originally bought the premises. Until a final disposition of the case involving the objections filed by the petitioner to the judgment of sale of the premises for the delinquent taxes and until a final decree has been rendered in the injunction cases restraining the sale of the premises for the alleged delinquent assessments, it cannot be definitely determined as to whether the premises may be sold or forfeited to the State for such delinquent taxes. This situation has been created by the petitioner. The fact that it cannot be decided at this time whether he has suffered the premises to be sold or forfeited to the State during such two-year period is of no avail to the petitioner. Until the collector is in a position, by the disposal of the litigation involving the tax and special assessments in question, to offer for sale the premises for the purpose of satisfying any valid taxes and assessments against the same for the two years in question, it cannot be adjudicated whether the petitioner has suffered the premises to be sold or forfeited to the State. He cannot take

advantage of a negative situation. He must affirmatively bring himself within the provisions of section 211 by showing that he has not suffered the premises either to be sold or forfeited for the delinquent annual taxes next ensuing for the two years after the sale of the property to him. It being beyond the power of the court to determine at this time whether he has complied with the statutory condition precedent, the petitioner is not now entitled to a deed.

The judgment of the circuit court is correct, and the same is affirmed.

*Judgment affirmed.*