630 N.E.2d 811 (1994)
158 Ill.2d 45
196 Ill.Dec. 646
The PEOPLE of the State of Illinois, Appellant,
v.
Janet MEYERS, et al., Appellees.
Nos. 74710, 74711 and 74712.
Supreme Court of Illinois.
January 20, 1994.
*813 Roland W. Burris, Atty. Gen., of Springfield, and Jack O'Malley, State's Atty., Chicago (Terence M. Madsen, Asst. Atty. Gen., Chicago, and Karen A. Covy, Jeanette Sublett, Mary T. Nicolau and Sara Dillery *814 Hynes, Asst. State's Attys., of counsel), for the People.
Lawrence E. Morrissey, Chicago, for Janet Meyers.
Steve Senderowitz and Steven C. Daily, Greenberger, Krauss & Tenenbaum, Chtd., Chicago, for Joanne N. and Nancy J. Barnard.
Justice FREEMAN delivered the opinion of the court:
The State appeals from a judgment of the circuit court of Cook County dismissing the separate misdemeanor complaints against defendants, Janet Meyers, Joanne Barnard and Nancy Barnard (defendants), for their alleged violation of section 235d of the Revenue Act of 1939 (Act) (Ill.Rev.Stat.1991, ch. 120, par. 716d).

FACTS
In July 1991, defendants participated in a scavenger sale of tax delinquent property located in Cook County. Pursuant to section 235b of the Act, each defendant filed an application for a certificate of purchase with the county clerk for property on which they had successfully bid. Each application included an affirmation that the applicant was not the owner, the party responsible for the payment of delinquent taxes on any property in Cook County, or an agent of any such person. Ill.Rev.Stat.1991, ch. 120, par. 716b.
Defendants were subsequently charged in separate misdemeanor complaints for tax sale fraud. (Ill.Rev.Stat.1991, ch. 120, par. 716d.) Defendants filed motions to dismiss the complaints. In their motions, defendants alleged, inter alia, that the complaints were legally insufficient and, further, that section 235b of the Act was unconstitutionally vague and violative of the equal protection clause of both the United States and the Illinois Constitutions.
The trial court granted defendants' motions. In its written memorandum, the court held that the complaints were legally insufficient for failure to identify the capacity of each defendant as either an owner or the agent of an owner of tax delinquent property. Further, the court held that section 235b(a)(2) of the Act is unconstitutionally vague. The court, however, rejected defendants' equal protection challenge.
The State appealed directly to this court (134 Ill.2d R. 603). We granted the State's motion to consolidate the three causes on appeal and now reverse the judgment of the circuit court.

SCAVENGER SALES
Section 235b of the Act provides the process by which interested persons may participate in a scavenger sale of tax delinquent property in Illinois. The statute explicitly provides those persons who are ineligible to participate in such sales. Section 235b(a)(2), the section at issue here, specifically states:
"(a) No person * * * shall be eligible to bid or receive a certificate of purchase at any sale under Section 235a of this Act unless that person shall have completed and delivered to the county clerk a true, accurate and complete application for certificate of purchase which shall affirm:
* * * * * *
(2) that such person is not himself, nor is he the agent for, the owner or party responsible for payment of the general taxes on any real property which is located in the same county in which the sale is held and which is tax delinquent or forfeited for all or any part of each of 2 or more years * * *." (Ill.Rev.Stat.1991, ch. 120, par. 716b.)
Section 235b further provides that the application for a certificate of purchase must be executed by the purchaser and by any individual bidder acting in the purchaser's behalf. (Ill.Rev.Stat.1991, ch. 120, par. 716b.) Section 235d makes it a Class A misdemeanor for any person to knowingly make a false statement in any application for certificate of purchase or registration under Section 235b of the Act. Ill.Rev.Stat.1991, ch. 120, par. 716d.

SUFFICIENCY OF THE COMPLAINT
The State contends that the trial court erred in dismissing its complaints against defendants as insufficient. We agree.
*815 A defendant has the fundamental right, under both the Federal (U.S. Const., amend. VI) and the State Constitutions (Ill. Const.1970, art. I, § 8), to be informed of the "nature and cause" of criminal accusations made against him. In Illinois, this general right is given substance by section 111-3 of the Code of Criminal Procedure of 1963 (Ill. Rev.Stat.1991, ch. 38, par. Ill-3(a)). Section 111-3 is "designed to inform the accused of the nature of the offense with which he is charged so that he may prepare a defense and to assure that the charged offense may serve as a bar to subsequent prosecution arising out of the same conduct." People v. Simmons (1982), 93 Ill.2d 94, 99-100, 66 Ill. Dec. 330, 442 N.E.2d 891.
When, as here, the sufficiency of the complaint is attacked in a pretrial motion, the standard of review is to determine whether the complaint complies with the stated requirements of sections 111-3. (See People v. Tuczynski (1978), 62 Ill.App.3d 644, 648, 19 Ill.Dec. 325, 378 N.E.2d 1200; People v. Young (1991), 220 Ill.App.3d 488, 494, 163 Ill.Dec. 290, 581 N.E.2d 241; see also People v. Gilmore (1976), 63 Ill.2d 23, 29, 344 N.E.2d 456.) Section Ill-3(a) demands that the charging instrument be in writing, stating the name of the offense and the relevant statutory provision violated, setting forth the nature and elements of the offense and the date and county in which the offense occurred, and naming the accused if known or a reasonably certain description. (See Ill. Rev.Stat.1991, ch. 38, par. Ill-3(a).) An instrument which charges an offense in the language of the statute "`is deemed sufficient when the words of the statute so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged.'" People v. Dickerson (1975), 61 Ill.2d 580, 582, 338 N.E.2d 184, quoting People v. Patrick (1967), 38 Ill.2d 255, 258, 230 N.E.2d 843.
In conformity with section 111-3 requirements, each of the three complaints here alleged that the defendant committed the offense of tax sale fraud. The complaints stated the name of the defendant, the date and place of commission of the offense, and the statutory provision which had allegedly been violated. Further, the complaints recited the substance of the alleged false statement, mirroring the language in section 235b of the Act.
Specifically, each complaint stated:
"[Defendant] committed the offense of Tax Sale Fraud, in that she knowingly made a false statement in her application for certificate of purchase form submitted under Section 235b of the Revenue Act to wit: she falsely stated that neither she nor the firm identified in the registration form was an owner or agent for the owner or party or agent for a party responsible for the payment of taxes on any property in Cook County which was tax delinquent or forfeited for all or any part of 2 or more years when the registration was submitted in violation of chapter 120, par. 716d(b)(4)."
In granting defendants' motions to dismiss, the trial court held that the capacity of the alleged offenders, either as owners or as agents of owners of tax delinquent properties, is an essential element of tax sale fraud. Therefore, the court held, the State's allegations of each defendant's capacity in the disjunctive rendered the complaints legally insufficient. Defendants urge our acceptance of the court's reasoning on this point. We disagree.
Incidentally, we note that each defendant requested and received an answer to a bill of particulars (Ill.Rev.Stat.1991, ch. 38, par. 114-2) on the issue of capacity. They initially urge, however, that we disregard the State's answer, which is in the form of a supplemental answer to discovery. Alternatively, they argue that the State's answer failed to provide any information concerning defendant Joanne Barnard's capacity as agent for Nancy Barnard.
The object of a bill of particulars is to supplement a sufficient indictment with more specificity of detail to enable a defendant to better understand the nature of the charges against him, or to better prepare a defense to the charges. (Patrick, 38 Ill.2d at 260, 230 N.E.2d 843.) However, a bill of particulars cannot be used to cure a void charge. (People v. Blanchett (1965), 33 Ill.2d *816 527, 212 N.E.2d 97.) We, therefore, consider the sufficiency of the complaint to withstand a motion to dismiss without regard to the additional specificity supplied by the bill of particulars.
The essential elements of the type of tax sale fraud alleged in these complaints are (1) knowledge and (2) making a false statement. Clearly, where the conduct charged against the defendant is a criminal offense only when committed by a person acting in a specific capacity, the charging instrument must charge that the defendant committed the act while acting in such capacity. (See People v. Powell (1933), 353 Ill. 582, 187 N.E. 419; see also 21A Ill.L. & Prac. Indictments and Informations § 48 (1977).) However, the conduct charged here, the knowing making of a false statement, may be committed by any person, irrespective of his capacity. (See Ill.Rev.Stat.1991, ch. 120, par. 716d.) Thus, the rule espoused in Powell does not apply. The elements to state a cause of action for tax sale fraud were properly and adequately pleaded.
Defendants argue that alleging capacity in the disjunctive rendered the complaint uncertain as to what false statements were made and would require them to defend against the charges as both owners and agents.
We perceive no uncertainty as to what false statements were allegedly made. Tax sale fraud is committed when an owner or an agent of an owner of tax delinquent property falsely states on an application for certificate of purchase that he is neither of those persons. Defendants, regardless of whether they were acting in the capacity of owners or agents of the owners, averred in their applications for certificates of purchase that they were neither. It is this statement which the State alleges to be false.
Certainly, the complaint could have alleged the capacity of each defendant with greater particularity. However, the relevant inquiry is not whether the alleged offense could be described with greater certainty, but whether there is sufficient particularity to enable the accused to prepare a proper defense. We believe that the test is satisfied here. Incidentally, we note that defendants' claimed need for additional specificity with respect to Joanne Barnard may be satisfied by a further bill of particulars.
Further, we reject defendants' additional argument that the charging documents here are invalid because they describe disparate means by which the offense may be committed. Defendants seek support for this proposition in People v. Heard (1970), 47 Ill.2d 501, 266 N.E.2d 340. In Heard, this court held the complaint insufficient where it charged the defendants in the disjunctive with setting up a policy or game or promoting a policy or game or selling tickets.
Heard is inapposite. In Heard, there were three different means by which the gambling statute could be violated. Therefore, alleging the various means in the alternative was insufficient to apprise the defendant of the nature of his alleged illegal conduct.
Section 235d defines five distinct means by which the offense of tax sale fraud may be committed. (See Ill.Rev.Stat.1991, ch. 120, par. 716d.) The making of a false statement in any application for certificate of purchase is only one such means. Had the complaints here merely alleged, in the disjunctive, all five means by which tax sale fraud could be committed, this case would fit squarely within the bounds of Heard. However, such is not the case. There is but one method of tax sales fraud charged in these several complaints, viz., making a false statement on the application for the certificate of purchase. The applicant's capacity or interest in the property, as either owner or agent, is not the means by which the offense is alleged to have been committed. The charging documents do not describe disparate means by which the offense was committed.
Defendants, seeking affirmance of the trial court order, further complain that the complaints fatally failed to describe the properties which were the subjects of the complaints.
"Property which is the subject of the offense charged must be described in the indictment, but where property is merely incidental, and not an essential element of the crime charged, it is not necessary to *817 allege its description with particularity." (42 C.J.S. Indictments & In formations § 108 (1991).) Although to meet its burden, the State must prove defendants' interests in particular tracts or parcels of tax delinquent properties, the description of the property is not an essential element of the offense charged here. As we have stated, the essential elements of the fraud charged here are (1) knowledge and (2) making a false statement on the application for certificate of purchase. The complaints were sufficient to apprise defendants of the nature of the offense even absent descriptions of the property. Moreover, in reciting the substance of the alleged false statements, the complaints alleged the situs of the property to be in Cook County. To the extent that greater specificity was required to enable defendants to better prepare a defense, the State supplied property identification numbers in its answers to defendants' requests for bills of particulars.
We hold that the complaints meet the requirements of section 111-3. Thus, due process is satisfied.

VAGUENESS
The State also contends that the trial court erred in finding section 235b unconstitutionally vague. We agree.
The challenged provision prohibits an owner or "party responsible for payment of taxes" and their agents from bidding on tax delinquent property. The court opined that the plain meaning of the provision is to bar owners and agents from directly or indirectly participating in tax sales. However, the court concluded that the clause "party responsible for payment" could be interpreted to mean either a person legally responsible for payment or a volunteer. The court reasoned that if a relative charitably pays taxes but ceases to do so upon the death or disability of the beneficiary, such a relative might fall within the definition of "party responsible for payment."
The State directs our attention to In re Application of Boone County Collector (1985), 131 Ill.App.3d 939, 87 Ill.Dec. 98, 476 N.E.2d 800, as dispositive of the meaning of the challenged phrase. It is its contention that the meaning ascribed to the phrase by the court in Boone is controlling.
The court in Boone was confronted with the issue of whether lienors or mortgagees were precluded from obtaining a tax deed to tax delinquent property. In construing the 1983 version of the Act, the court interpreted the phrase "party responsible for payment" broadly to include lienors and mortgagees. The court reasoned that to define the phrase as excluding such persons could lead to unjust results, in that lienholders or mortgagees, who were permitted to participate in a tax sale and obtain a tax deed, could effectively cut off the interests of other lienholders and mortgagees.
The 1983 version of the Act made no express provision concerning the ineligibility of lienors and mortgagees to participate in tax sales of tax delinquent property. However, in 1989, the Act was amended to expressly provide the terms under which such parties could participate. Under parts (3) and (4) of the "Application for Certification of Purchase" (Application) set forth in section 235b of the 1989, as well as the current version, of the Act, owners, mortgagees, lienholders and holders of a beneficial interest in property are precluded from participation in the sale of only those properties listed in the schedule of property attached to the certificate of purchase application. These sections do not include within that class the party responsible for the payment of delinquent taxes. (See Ill.Rev.Stat.1989, ch. 120, par. 716b.) Rather, part 5 of the Application provides exclusively for owners and parties responsible for payment of delinquent taxes. Persons included within this class are prohibited from participation in the sale of not merely property listed with the certificate application, but of any tax delinquent property.
The separate classification of mortgagees, lienholders and holders of beneficial interest and parties responsible for payment of delinquent taxes suggests to us that the legislature intends a narrower interpretation of the phrase "party responsible for payment" than that given in Boone. And, indeed, the Act provides the greatest restriction on the participation of owners and parties responsible *818 for payment of taxes. Thus, while parts (3) and (4) of the Application give effect to the rationale of Boone, part (5) of the Application makes a clear distinction between parties responsible for payment of taxes and those persons who simply may pay delinquent taxes. Thus, we do not read Boone as dispositive of the issue here presented. We therefore consider the phrase anew.
We first recite the applicable legal principles by which we are guided in our review. "Due process requires that a statute must not be `so vague that men of common intelligence must necessarily guess at its meaning or application. [Citations.]'" (People v. Fabing (1991), 143 Ill.2d 48, 53, 155 Ill.Dec. 816, 570 N.E.2d 329, quoting People v. Garrison (1980), 82 Ill.2d 444, 453, 45 Ill.Dec. 132, 412 N.E.2d 483.) An impossible standard of preciseness of language and expression, however, is not required. It is sufficient that the law's language and meaning are sufficiently definite when measured by common understanding and practices. (People v. Capitol News, Inc. (1990), 137 Ill.2d 162, 171, 148 Ill.Dec. 1, 560 N.E.2d 303; Fabing, 143 Ill.2d at 53, 155 Ill.Dec. 816, 570 N.E.2d 329.) Further, it is not necessary for a court to search for any subtle or not readily apparent intention of the legislature. DiFoggio v. Retirement Board of the County Employees Annuity & Benefit Fund (1993), 156 Ill.2d 377, 383, 189 Ill.Dec. 753, 620 N.E.2d 1070.
With these principles in mind, we consider whether the words "party responsible for payment" satisfy due process requirements. For taxation purposes, we believe that the phrase "party responsible for payment" refers to those persons who may be held legally accountable for payment. Black's Law Dictionary defines the term "responsible" in the following manner: "Liable; legally accountable or answerable. Able to pay a sum for which he is or may become liable, or to discharge an obligation which he may be under." (Black's Law Dictionary 1312 (6th ed. 1990).) Section 235b does not expressly provide for volunteers, and we do not perceive that the statute contemplates that such persons may be held accountable for payment of another's taxes. The plain language is abundantly clear and leaves no room for speculation. We therefore hold that the trial court erred in finding section 235b(a)(2) of the Act unconstitutionally vague; due process requirements are satisfied.
Defendants, again seeking affirmance of the trial court, make the additional argument that the statute's use of the term "agent" also renders the statute unconstitutionally vague. In that regard, they maintain that "any" person acting as agent for another, for any purpose, may be prosecuted for bidding at a scavenger sale notwithstanding the agent's nonrelationship to the delinquent property.
We disagree. When faced with a vagueness challenge to a statute, a court considers not only the language used, but also the legislative objective and the evil the statute is designed to remedy. People v. Dednam (1973), 55 Ill.2d 565, 568, 304 N.E.2d 627.
The purpose of section 235b is, inter alia, to encourage property owners to pay taxes on property held and, further, to prevent tax delinquent property from falling into the hands of known tax delinquents. To that end, tax delinquent property owners are denied the significant monetary benefits of participating in scavenger sales. Given the legislative intent, it is clear that the statute contemplates that the agent referred to in the statute is the agent of the owner for purposes of participation in the tax sale. To conclude that the statute includes agents of owners for any purpose would render the statute an absurdity.

EQUAL PROTECTION
In further support of the trial court's order, defendants assert that section 235b violates the equal protection clause of both the State (Ill. Const.1970, art. I, § 2) and the Federal (U.S. Const., amend. XIV) Constitutions. Defendants first argue that the provision impermissibly impairs their fundamental right to acquire property. They assert that since a fundamental right is abridged, we must apply the more stringent, strict scrutiny analysis, in assessing the statute's validity. *819 Defendants then summarily conclude that the provision fails to satisfy the test.
The State responds that no fundamental right is implicated. It asserts that a scavenger sale does not give certificate holders any interest in the subject properties. Certificate holders merely possess a lien on the delinquent taxes.
Scavenger sales are merely a process by which the acquisition of property may result. Acquiring a certificate of purchase as a result of participation in that process merely vests the holder with a property right "inchoate and subject to redemption." (Smith v. D.R.G., Inc. (1975), 30 Ill. App.3d 162, 169, 331 N.E.2d 614.) And simply put, there is no fundamental right to participate in a process.
Property subject to a scavenger sale is property which is at risk of forfeiture to the State as a result of nonpayment of property taxes. Section 235b is part of a comprehensive statutory scheme designed to return such property to the active tax rolls. (Schreiber v. County of Cook (1944), 388 Ill. 297, 306, 58 N.E.2d 40.) The section provides the means by which non-tax-delinquent property owners may participate in this process and thereby attain the potential to acquire such property at a significantly lower cost than even the amount of the past due taxes.
Although a tax purchaser's participation in scavenger sales may ultimately result in his acquisition of the tax delinquent property, the brokering of property is not the purpose of the Act. In fact, the law favors redemption of the property by its owner. (People v. Hess (1955), 7 Ill.2d 192, 130 N.E.2d 280; Lawton v. Sweitzer (1933), 354 Ill. 620, 188 N.E. 811.) And, to that end, the statute provides for a period of redemption even subsequent to the tax sale. (See Ill.Rev.Stat.1991, ch. 120, par. 734.) Delinquent property tax owners are not denied the "right" to acquire property; they are merely precluded from participation in statutory tax sales. Incidentally, we find nothing in the Act to bar any party desirous of acquiring tax delinquent property from bargaining with the owner, prior to the running of the owner's statutory redemption period, for the purchase of such property.
Defendants next assert that the provision violates equal protection guarantees because "it separates out classes of (1) people who are not allowed to participate in a scavenger sale and (2) people who are not allowed to bid in a scavenger sale, without any rational basis." They assert that a person would not be encouraged to pay delinquent taxes because he is prohibited from bidding for another at a scavenger sale. Thus, defendants conclude that the statute fails to satisfy even the rational basis test for constitutional validity.
Defendants' argument fails in its initial premise. The statute does not "classify" bidders and participants, as that term is understood for equal protection purposes. Section 235b is aimed at delinquent owners; it does not concern itself with bidders per se. A bidder participating at a tax sale, acting independently of a tax delinquent owner, is not included within the scope of the Act. It is the purpose of section 235b to prevent tax delinquent owners from participating either directly or indirectly in scavenger sales. Where a "bidder" stands in the shoes of the owner and acts as his agent for purposes of the tax sale, disqualification of the bidder serves the purpose of the statute. It is, in fact, the delinquent property tax owner who is ultimately denied participation in the sale.
We hold that section 235b is not violative of equal protection guarantees.

CONCLUSION
For all of the forgoing reasons, we reverse the judgments of the circuit court, and remand these causes to the circuit court for further proceedings.
Judgments reversed; causes remanded.