THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WILLIAM P. DAVIS, Defendant-Appellee.

First District (1st Division)   No. 1—95—0486

Opinion filed June 28, 1996.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Peter D. Fischer, and Carol L. Gaines, Assistant State's Attorneys, of counsel), for the People.

R. Eugene Pincham, of Chicago, for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

William P. Davis, director of news affairs for the Chicago police department, was indicted on three counts of official misconduct. The charges were based on his purported relationship with Melvin Reynolds. The trial court granted a pretrial motion to dismiss the indictment. We find the three counts of the indictment do not strictly comply with section 111—3(a)(3) of the Code of Criminal Procedure (725 ILCS 5/111—3(a)(3) (West 1992)). Therefore, we affirm the trial court.

## THE STATUTE AND THE INDICTMENT

■ Our inquiry is limited to the words of the indictment. We are not free to consider the adequacy of the evidence that supports it or any defenses that may exist. *People v. Lightner*, 145 Ill. App. 3d 741, 745, 496 N.E.2d 269 (1986). The ability of an indictment to withstand a motion to dismiss must be judged without regard to any additional specificity supplied by a bill of particulars. *People v. Meyers*, 158 Ill. 2d 46, 53, 630 N.E.2d 811 (1994).

For that reason, we set out each count of the indictment, followed by the words of the section of the official misconduct statute alleged to have been violated by a "public officer or employee" acting "in his official capacity." 720 ILCS 5/33—3 (West 1992).

## COUNT I

"Beginning on or about June 7, 1994, and continuing on and through August 12, 1994, at and within the County of Cook, Illinois, William P. Davis committed the offense of Official Misconduct in that he, a public employee, to wit: Director of News Affairs for the City of Chicago Police Department, in his official capacity intentionally or recklessly failed to perform a mandatory duty as required by law, to wit: William P. Davis failed to report

promptly to the Chicago Police Department information concerning crimes and unlawful conduct involving Melvin Reynolds, in violation of the City of Chicago, Department of Police Rules and Regulations, November 1, 1975, Article IV, Subsection D and Article V, in violation of 720, Act 5, Section 33—3(a) of the Illinois Compiled Statutes 1992 as amended, and contrary to the statute, and against the peace and dignity of the same People of the State of Illinois."

## STATUTE

Section 33—3(a): "Intentionally or recklessly fails to perform any mandatory duty as required by law ***." 720 ILCS 5/33—3(a) (West 1992).

## COUNT II

"On or about June 7, 1994, at and within the County of Cook, Illinois, William P. Davis committed the offense of Official Misconduct in that he, a public employee, to wit: Director of News Affairs for the City of Chicago Police Department, in his official capacity, knowingly performed an act which he knew he was forbidden by law to perform, to wit: he disseminated information concerning a pending Chicago Police Department investigation, in that he contacted Melvin Reynolds, the subject of that investigation, and communicated to Melvin Reynolds the nature and progress of that investigation, in violation of the City of Chicago, Department of Police Rules and Regulations, November 1, 1975, Article IV, Subsection D and Article V, in violation of 720, Act 5, Section 33—3(b) of the Illinois Compiled Statutes 1992 as amended, and contrary to the statute, and against the peace and dignity of the same People of the State of Illinois."

## STATUTE

Section 33—3(b): "Knowingly performs an act which he knows he is forbidden by law to perform ***." 720 ILCS 5/33—3(b) (West 1992).

## COUNT III

"On or about June 7, 1994, at and within the County of Cook, Illinois, William P. Davis committed the offense of official misconduct in that he, a public employee, to wit: Director of News Affairs for the City of Chicago Police Department, in his official capacity, and with intent to obtain a personal advantage for himself or another, he performed an act in excess of his lawful authority, to wit: contacted Melvin Reynolds, the subject of a Chicago Police Department investigation, and communicated to Melvin Reynolds the nature and progress of that investigation, in

violation of the City of Chicago, Department of Police Rules and Regulations, November 1, 1975, Article IV, Subsection D and Article V, in violation of 720, Act 5, Section 33—3(c) of the Illinois Compiled Statutes 1992 as amended, and contrary to the statute, and against the peace and dignity of the same People of the State of Illinois."

## STATUTE

Section 33—3(c): "With intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority ***." 720 ILCS 5/33—3(c) (West 1992).

## OPINION

■ A defendant has a fundamental right, under both the federal constitution (U.S. Const. 1970, amend. VI) and the Illinois Constitution of 1970 (Ill. Const., art. I, § 8), to be informed of the " 'nature and cause' of criminal accusations made against him." *People v. DiLorenzo*, 169 Ill. 2d 318, 321, 662 N.E.2d 412 (1996).

This "general right is given substance by section 111—3 of the Code of Criminal Procedure of 1963." *Meyers*, 158 Ill. 2d at 51. Compliance with section 111—3 "satisfies the constitutional requirement that the accused be informed of the nature and cause of the accusation." *People v. Billingsley*, 67 Ill. App. 2d 292, 299, 213 N.E.2d 765 (1966). Also see 725 ILCS Ann. 5/111—3, Committee Comments— 1963, at 129 (Smith-Hurd 1992) (the section is designed to "satisfy the constitutional requirement").

Section 111—3(a)(3) requires that the charge allege the commission of an offense by "[s]etting forth the nature and elements of the offense charged." 725 ILCS 5/111—3(a)(3) (West 1992).

When the sufficiency of the charging instrument is attacked in a pretrial motion, as it was here, "the standard of review is to determine whether the instrument *strictly* complies with the requirements of section 111—3." (Emphasis in original.) *DiLorenzo*, 169 Ill. 2d at 321.

■ Ordinarily, when the counts of an indictment follow the statutory language in setting out the nature and elements of an offense, the requirements of section 111—3 are met. The question is not whether the alleged offense could have been described with greater certainty, but whether there is sufficient particularity to enable the accused to prepare a proper defense. *Meyers*, 158 Ill. 2d at 54. He must be "apprised with reasonable certainty of the precise offense with which he or she is charged." *People v. Dickerson*, 61 Ill. 2d 580, 582, 338 N.E.2d 184 (1975).

It is sufficient to allege an offense in the language of a statute "if

the words so far particularize the offense that by their use alone an accused is informed with reasonable certainty of the precise offense with which he is charged [citation], or by specifically alleging all the facts which constitute the crime." *People v. Abrams*, 48 Ill. 2d 446, 459, 271 N.E.2d 37 (1971).

When the statutory language describes specific conduct, there is no need for the charge to specify the exact means by which the conduct was carried out. *People v. Wisslead*, 108 Ill. 2d 389, 397, 484 N.E.2d 1081 (1985).

Where a statute does not specifically define the crime, or does so only in general terms, the charge must go beyond the words of the statute; it must allege some act showing the statute was violated. *People v. Grieco*, 44 Ill. 2d 407, 409-10, 255 N.E.2d 897 (1970).

There are offenses that are so fact specific that certain elements of them "must be set forth in exact detail" (*Wisslead*, 108 Ill. 2d at 396), for example, in a perjury indictment, the words alleged to be perjurious. *People v. Aud*, 52 Ill. 2d 368, 288 N.E.2d 453 (1972). An indictment charging obstruction of justice by destroying evidence must specify what evidence was destroyed. *People v. Lyda*, 27 Ill. App. 3d 906, 327 N.E.2d 494 (1975).

■ It is clear to us that the words of the official misconduct statute, without more, cannot support a valid indictment. The statute "does not particularize the offense." *People v. Krause*, 241 Ill. App. 3d 394, 397, 609 N.E.2d 980 (1993). We have found no reported case where the words of the official misconduct statute, standing alone, were sufficient to support a valid charge.

Of course, in this case, the State did go beyond the words of the statute. The question is whether those additional allegations described the nature and elements of the offenses in a way sufficient to enable the defendant to understand the charges and "prepare a defense which, if successful, would bar further prosecution for the same offense." *People v. Smith*, 99 Ill. 2d 467, 471, 459 N.E.2d 1357 (1984).

We have examined the cases where additional allegations were held sufficient to support an official misconduct charge. These include a charge against a police officer for using the law enforcement agency data system to obtain computer information for the purpose of facilitating the offense of prostitution (*People v. Krause*, 241 Ill. App. 3d 394, 609 N.E.2d 980); a charge against a highway commissioner for directing township employees, during working hours, to perform maintenance work on his personal car (*People v. Mehelic*, 152 Ill. App. 3d 843, 504 N.E.2d 1310 (1987)); a charge against a police officer for using the law enforcement agency data system to discover the

names and addresses of the owners of vehicle registration numbers to commit burglaries at those owners' homes (*People v. Samel*, 115 Ill. App. 3d 905, 451 N.E.2d 892 (1983)); and a charge against a village mayor for buying a confiscated gun being held by the local police department (*People v. Kleffman*, 90 Ill. App. 3d 1, 412 N.E.2d 1057 (1980)).

In this case, the additional allegation in count I is that the defendant "failed to report promptly to the Chicago police department information concerning crimes and unlawful conduct involving Melvin Reynolds, in violation of the City of Chicago, Department of Police Rules and Regulations, November 1, 1975, art. IV, subsection D and art. V."

The additional allegation in count II is that Davis "disseminated information concerning a pending Chicago Police Department investigation, in that he contacted Melvin Reynolds, the subject of the investigation, and communicated to Melvin Reynolds the nature and progress of that investigation" in violation of the same rules and regulations referred to in count I.

In count III, the additional allegation is that Davis "contacted Melvin Reynolds, the subject of a Chicago police department investigation, and communicated to Melvin Reynolds the nature and progress of that investigation," in violation of the same rules and regulations referred to in count I.

Article IV, subsection D, provides that civilian members of the Chicago police department will perform their duties properly and efficiently, and "They will: (1) Obey all laws and execute all lawful orders. (2) Be bound by the policy, rules, regulations, orders, procedures and directives of the Department."

Article V consists of 55 rules, ranging from "Rule 1: Violation of any law or ordinance" to "Rule 55: Holding cigarette, cigar, or pipe in mouth while in uniform and in official contact with the public."

We agree with the State that an official misconduct charge can be based on the violation of an administrative rule or regulation, although that rule or regulation does not itself carry any penalty. *Samel*, 115 Ill. App. 3d at 911; also see *People v. Thoms*, 50 Ill. App. 3d 398, 365 N.E.2d 717 (1977) (section 33—3(b) prosecution could be based on violation of supreme court rules). At the same time, we are puzzled by the State's reluctance to include in its charges the precise rule Davis was alleged to have violated.

The official misconduct statute was "designed to reach those situations where a public officer or employee has in some fashion exploited his official position to the detriment of the public good." *People v. Steinmann*, 57 Ill. App. 3d 887, 897, 373 N.E.2d 757 (1978).

Because section 33—3 does not describe the specific criminal conduct it is intended to reach, extra caution must be used to direct the accused to the specific provision of law he is supposed to have violated. *People v. Campbell*, 3 Ill. App. 3d 984, 279 N.E.2d 123 (1972). Setting out the way in which the conduct exceeds lawful authority is a way of immunizing the statute from the charge that it is being applied to constitutionally protected conduct. *Kleffman*, 90 Ill. App. 3d at 3.

Here, we are dealing with a statute that does not have general application. That is, it is directed at conduct that ordinarily would not be criminal if the accused had been acting as a private person. See *People v. Adams*, 64 Ill. App. 3d 547, 549, 381 N.E.2d 738 (1978).

When dismissing the indictment, the trial judge observed: "There is nothing clear and obvious about what the defendant is alleged to have said and/or done which would amount to criminal conduct." We agree, bearing in mind that we must determine whether the indictment "strictly complies" with the requirement that it set forth the nature and elements of the offense.

Count I is defective because it does not tell Davis what "information concerning crimes and unlawful conduct involving Melvin Reynolds" he failed to report. Until he knows that, Davis cannot know the charge he must defend against. The word "information" in this context is amorphous and indistinct. Presumably, if Davis read something about Reynolds in the morning newspaper he would have no legal duty to communicate the contents of the article to the Chicago police department. We doubt that general and public knowledge about Reynolds would have to be communicated to the police department by every one of its employees to avoid the threat of criminal prosecution. "Information" is the operative word in this criminal charge. Basic fairness requires that the accused be told what that information is.

Count II suffers from the same vice. This count does not allege Davis failed to do something. It alleges he "disseminated information" to Reynolds about the nature and progress of the department's investigation. Davis, then, was accused of saying something to Reynolds. We believe he should be told, at least generally, which words he`allegedly spoke. Until he knows that, he cannot know the charge he must defend against.

Count III is much like count II. Davis is alleged to have "communicated" to Reynolds the nature and progress of the department's investigation "with intent to obtain a personal advantage for himself or another." Again, the offense consists of words allegedly spoken. We believe strict compliance with section 111—3(a)(3) of the Code of

Criminal Procedure requires that Davis be told the general contents of his alleged communication to Reynolds. Further, we suggest the charge should tell Davis something more about the "personal advantage" and whether he or Reynolds was intended to obtain it.

The State contends Davis could learn all he needs to know from a bill of particulars. But "[t]he object of a bill of particulars is to supplement a *sufficient* indictment with more specificity of detail to enable a defendant to better understand the nature of the charges against him, or to better prepare a defense to the charge." (Emphasis in original.) *Meyers*, 158 Ill. 2d at 53. This is not a sufficient indictment.

We are aware that the trend in the law is to disregard mere technical objections to a charging instrument. We do no more than decide the specific case before us, considering the plain and ordinary meaning of the indictment language, "as read and interpreted by a reasonable person." *People v. Banks*, 75 Ill. 2d 383, 392-93, 388 N.E.2d 1244 (1979). We conclude that this indictment does not inform the defendant of the nature and elements of the charges against him.

## CONCLUSION

We find the indictment does not comply with section 111—3(a)(3) of the Code of Criminal Procedure. We therefore affirm the ruling of the trial judge dismissing the indictment. Nothing we have said here is intended to prohibit the State from returning to the grand jury to obtain a new indictment.

Affirmed.

CAMPBELL, P.J., and BRADEN, J., concur.