THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. PATRICIA FOXALL, Defendant-Appellee.

Third District   No. 3—96—0152

Opinion filed September 20, 1996.

[black redaction block]

William Poncin, State's Attorney, of Macomb (John X. Breslin and Terry A. Mertel (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

John H. Bisbee, of Law Offices of John H. Bisbee, of Macomb, for appellee.

JUSTICE MICHELA delivered the opinion of the court:

The State appeals the dismissal of an information it filed against the defendant, Patricia Foxall, charging her with disorderly conduct in violation of section 26—1(a)(7) of the Criminal Code of 1961 (the Code). 720 ILCS 5/26—1(a)(7) (West 1994). The issue presented for our review is whether a charging instrument that accuses one of committing disorderly conduct by knowingly transmitting a false report to Illinois' Department of Children and Family Services (DCFS) under section 4 of the Abused and Neglected Child Reporting Act (325 ILCS 5/4 (West 1994)) is legally sufficient when it fails to set forth the allegedly false report. For the reasons set forth below, we hold that such a charging instrument is legally insufficient and affirm the ruling of the circuit court of McDonough County.

Foxall, a school aide who is legally mandated through her professional capacity to report reasonably suspected instances of child abuse or neglect to DCFS (325 ILCS 5/4 (West 1994)), reported information regarding an alleged perpetrator of such abuse or neglect, Rhonda Reed. A DCFS investigation ensued and the report against Reed was determined to be "unfounded." See 325 ILCS 5/7.12, 7.14 (West 1994). On February 6, 1995, a criminal information was filed against Foxall alleging that she committed an act of disorderly conduct by knowingly transmitting a false report to DCFS. Foxall filed a pretrial motion to dismiss the information for its failure to

charge an offense under section 111—3 of the Code of Criminal Procedure of 1963. 725 ILCS 5/111—3 (West 1994). The trial court agreed and dismissed the information without prejudice.

On September 27, 1995, the State filed a second information against Foxall which is reproduced below:

"[O]n or about the 29th day of September, in the year of our Lord one thousand and nine hundred and ninety-four, at and within the said County of McDonough in the State of Illinois, [Patricia Foxall] knowingly transmitted a false report to the Department of Children and Family Services under Section 4 of the Abused and Neglected Child Reporting Act, in that said defendant reported that Rhonda Reed had committed acts of sexual misconduct, and did then and there, thereby commit the offense of DISORDERLY CONDUCT, in violation of Chapter 720, Section 5/26—1(a)(7) of the Illinois Revised Statute, [sic] contrary to the form of the statute in such case made and provided and against the peace and dignity of the same people of the State of Illinois."

Foxall again filed a pretrial motion to dismiss the information. The trial court ruled that the information lacked the specificity and particularity required under Illinois law and dismissed the information without prejudice. The State timely appeals, arguing that its inclusion of Reed's name coupled with its statement that the report concerned alleged acts of sexual misconduct committed by Reed renders the information legally sufficient.

■■ An information that " 'apprise[s] the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct' " will survive a challenge to its legal sufficiency made for the first time on appeal. *People v. Thingvold*, 145 Ill. 2d 441, 448, 584 N.E.2d 89, 91 (1991), quoting *People v. Gilmore*, 63 Ill. 2d 23, 29, 344 N.E.2d 456 (1976). If, however, an accused moves to dismiss the information before trial, as in the instant case, the information must strictly comply with the pleading requirements of section 111—3 of the Code of Criminal Procedure of 1963. *Thingvold*, 145 Ill. 2d at 448, 584 N.E.2d at 91-92; 725 ILCS 5/111—3 (West 1994). We review the trial court's decision to dismiss the information *de novo. People v. Smith*, 259 Ill. App. 3d 492, 495, 631 N.E.2d 738, 740 (1994).

■ Statutory language may, by its words alone, sufficiently apprise an accused of the charged criminal offense. *People v. Grieco*, 44 Ill. 2d 407, 409-10, 255 N.E.2d 897, 899 (1970). Conversely, there are certain offenses where the statutory language does not sufficiently particularize the offense, requiring the State to plead additional

specific facts. See *People v. Heard*, 47 Ill. 2d 501, 266 N.E.2d 340 (1970). The State argues, however, that section 26—1(a)(7) of the Code does not suffer from this fault and reasons that because this statutory language describes specific conduct there is no need for the information to specify the exact means by which the conduct was carried out. *People v. Wisslead*, 108 Ill. 2d 389, 397, 484 N.E.2d 1081, 1084 (1985); 720 ILCS 5/26—1(a)(7) (West 1994). We disagree.

■ Section 26—1(a)(7) of the Code states:
"A person commits disorderly conduct when he knowingly:
* * *
***[t]ransmits a false report to the Department of Children and Family Services under [section] 4 of the 'Abused and Neglected Child Reporting Act'[.]" 720 ILCS 5/26—1(a)(7) (West 1994).

Although section 26—1(a)(7) of the Code uses language that is specific in comparison to its companion statutory subsections (see 720 ILCS 5/26—1(a)(1) (West 1994)), the gravamen of the offense is the "false report." Thus, the charging instrument must perforce plead the allegedly false report Foxall made to DCFS to satisfy the constitutional requirement that an accused be informed of the "nature and cause" of the charged criminal offense. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8; *Wisslead*, 108 Ill. 2d at 394, 484 N.E.2d at 1082; accord *People v. Aud*, 52 Ill. 2d 368, 370-71, 288 N.E.2d 453, 454 (1972).

■ The State argues that because the information charged that Foxall knowingly made a false report regarding Reed's alleged acts of sexual misconduct, Foxall is apprised of not only the elements of the offense, but its nature as well. Again, we disagree. Sexual misconduct can encompass a myriad of acts just as a myriad of acts can constitute gambling (720 ILCS 5/28—1 *et seq.* (West 1994)) or a myriad of acts can constitute obscenity (720 ILCS 5/11—20 *et seq.* (West 1994)). Here, the information charged that Foxall transmitted a false report concerning "sexual misconduct" evoking nothing more than an uncertain laundry list of possible acts which does not cure the defect caused by omitting the false report from the body of the information.

One can only commit this type of disorderly conduct through the knowing transmission of a false oral or written report. 720 ILCS 5/26—1(a)(7) (West 1994). Thus, basic fairness demands that Foxall be told exactly what she allegedly transmitted as a false report to DCFS. *People v. Davis*, 281 Ill. App. 3d 984, 987 (1996). We therefore hold that, upon a *de novo* review of the record, the information does not strictly comply with section 111—3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/111—3 (West 1994)) and it does not sufficiently apprise the accused of the offense so that she can prepare a

competent defense and plead a judgment as a bar to a future prosecution.

For the foregoing reasons, the judgment of the circuit court of McDonough County is affirmed.

Affirmed.

HOLDRIDGE, P.J., and LYTTON, J., concur.